### AMAZIAH MAYO vs. MARY G. MERRITT.

A testator devised to his wife one third of his real estate during her life; authorized his ex-ecutor to sell any or all of his real estate at such times and in such portions as ⸗e should judge most for the interest of those concerned; and if his wife should not desire ⸗o occupy one third of his real estate, then he directed the executor to sell the whole of his real estate as soon as it should be deemed best, invest the proceeds, and pay over to her the income of one third thereof during her life. The wife occupied the real estate from the time of the testator's death. Some years after his death, one undivided third of the real estate for her life was set off on an execution against her, and afterwards the executor sold the whole real estate under the power in the will. *Held,* that the execution cred-itor had no title in the land against the executor's grantee.

PETITION for partition of real estate in Springfield. The case was submitted to the judgment of the court on facts agreed sub-stantially as follows:

Roderick Norton died in 1859, seised of the land described in the petition, leaving a last will, of which these were the material provisions:

" I give and bequeath to my wife, Elizabeth Norton, one third of my personal estate, after the payment of my debts, to have the same forever, and also the use, income and improvement of one third of my real estate during her natural life, and after her decease I give said one third of my estate to my daughter Jane E. Norton, and to her heirs and assigns forever."

" I hereby constitute and appoint Charles A. Winchester sole executor of this will, and I hereby authorize and empower him to sell any or all of the real estate left by me, at such times and in such portions as he shall judge most for the interest of those concerned. In case my wife should not desire to occupy the one third of my real estate aforesaid, then I direct my executor to sell the whole of my real estate ·as soon as it shall be deemed best, and safely invest one third of the proceeds thereof, and pay over the income of the said one third to my wife during her life, and at her decease to pay the said one third to my daughter Jane E. Norton or her legal heirs."

Elizabeth Norton occupied the land ever since her husband's death.

The petitioner claimed title to one undivided third part of the premises during the life of Elizabeth Norton, by virtue of a levy thereon, in 1868, of an execution in his favor against her. The respondent claimed title to the whole of the premises under a deed from the executor, in 1871, under the power in the will, and also claimed under a mortgage made by the testator in his lifetime, the facts concerning which are now immaterial.

*J. E. McIntire,* for the petitioner.

*C. A. Winchester,* for the respondent.

Ames, J. By the terms of the will, the executor is intrusted with a general discretionary power to sell all or any part of the real estate whenever he shall think it " most for the interest of those concerned." The final distribution of the property could not well be made until after the decease of the widow, and the testator must be supposed to have considered it possible that it might in the mean time become advisable to make an entire change in the form in which his property had been invested. He therefore selects the executor as a person in whose judgment he had confidence, and he imposes upon him the trust and respon sibility of settling that question whenever it should arise. The beneficiaries under the will hold whatever interest in real estate it bestows upon them, subject to the general power on the part of the executor to change the real estate into personal, when- ever in the execution of his trust he may think it expedient so to do. *Russell* v. *Lewis,* 2 Pick. 508. *Earle* v. *Washburn,* 7 Allen, 95. The widow has no title which she can convey to a third person so as to prevent any deed which the executor may lawfully make in execution of his trust from going into full effect. Whatever deed she can make can be immediately defeated and rendered ineffectual by the deed which he may make. Her right to the use and income of the real estate must come to an imme- diate end, and be transformed into a share in the income of a dif- ferent form of investment, whenever he shall see fit to execute the power of sale which is intrusted to him for the benefit of all concerned. It is plain that her creditors can take from her no larger title than she has to give. *Staples* v. *Brown,* 13 Allen, 64. We do not think that the fact that she personally occupied

the real estate was intended by the will to operate as a restraint upon the exercise of the power of sale, or that her election so to occupy the estate was necessarily irrevocable. The respondent holds by virtue of a deed which the executor had a right to make, and has thereby acquired a title superior to any which the widow could convey, or which her creditors could acquire by legal process against her.

As these considerations dispose of the case, it has not been considered necessary to discuss the question as to the effect of the mortgage given by the testator in his lifetime, and now held by the respondent.   .   *Petition dismissed.*