JAMES W. GERARD & others *vs.* JULIAN G. BUCKLEY
& others.

Suffolk.   Jan. 17. — Sept. 5, 1884.   C. ALLEN & HOLMES, JJ., absent.

A testator, by his will, devised certain real estate to his children and grandchildren, as tenants in common, expressed his desire that the property should be kept in common, undivided, and gave the executors of his will power to sell the shares of the grandchildren under age. By a codicil to his will, made several years afterwards, he recited that it was necessary for him to enlarge the power to make sales given to his executors by his will; and that, in order to avoid the expense and labor of a partition among his devisees, he gave to his executors full power to sell said real estate without the consent, conveyance, or signature of his children and grandchildren; and devised said real estate to his executors, or such of them as from time to time might be in the United States, in trust to sell the same, to collect the rents, and out of them to pay the taxes, to enclose the lands with fences, to fill up the lots, and, until sold, to open streets to prepare the lands for sale, and to divide the net proceeds of sales among his children and grandchildren, according to their respective interests " which in my said original will I have devised to them." *Held,* that by the codicil the legal estate in the lands was vested in the executors; and that a partition could not be granted, although all the parties in interest desired it.

PETITION for partition of certain lands in Boston, formerly the property of James W. Gerard, the father of the first-named petitioner, and which constituted a part of the real estate described in the residuary clause of the will of said Gerard, and in the third codicil to his will.

At the hearing, before *Holmes,* J., the petitioners contended that the fee, which was given them by the residuary clause of the will, was not revoked by the third codicil, and that the executors named in the will took, under the third codicil, a mere power of sale, and not a legal estate. The judge ruled that the petition could not be maintained; and, at the request of the petitioners, reported the case for the determination of the full court. If the petition could be maintained, it was to be so ordered; otherwise, the petition to be dismissed. So much of the residuary clause of the will, and of the third codicil, as is essential to the point decided, is stated in the opinion.

*T. P. Proctor,* for the petitioners.

*P. E. Tucker,* for the respondents.

W. ALLEN, J.   There is nothing in the will or codicils to control the express devise of the legal estate to the executors,

contained in the third codicil. On the contrary, such a devise is in accordance with the general intention of the testator.

By the residuary clause of his will the testator directs that the remainder of his estate, including certain lands in East Boston, and what he terms his Williams farm property, shall be divided, or considered as divided, into ten equal portions or shares. He then devises to his son three and a half shares, to his daughter and her children three and a half shares, and the remaining three shares to the children of a deceased daughter. The clause then proceeds as follows: "After great deliberation and reflection I have devised to my children and grandchildren, as tenants in common, undivided shares in my East Boston and Williams farm properties, believing that it will be best for the interest of all of them to keep the property in mass, undivided, so that the properties can be managed by one head, one agent for each property, to make sales for the common benefit of all, and at the expense of one agent for each property, instead of partitioning the property among them by devising to them several lots, whereby they would be placed in positions antagonistic to each other, producing rivalry in sale, and depreciating the value of the properties by entering into competition with each other. But in order that this desire of mine (which I hope may be observed but do not make obligatory) may not work injuriously on my two children who are of full age, by clogging sales on account of the infancy of any of my grandchildren, and rendering the interference of some court to make sale of the infants' shares necessary, I therefore give and devise to my executors, and to the survivors and survivor of them, full power and authority to sell at private sale, in fee simple absolute," the shares and interests of the grandchildren under age, the adult devisees joining in selling their interests.

The language of the third codicil, made nearly four years after the will, is: "Whereas it is necessary, in order to make rapid sales of my lands in the State of Massachusetts, that as few persons as possible should be required to make sales, and that I should enlarge the power to make sales given to my executors in my said will, and in order to avoid the expense and labor of a partition among my devisees, I hereby give to my executors named in my said will, or as many as may qualify under it, and

the survivors of them, or such of them as from time to time may
be in the United States, full power to sell all my residuary real
estate, at Boston, East Boston, Roxbury, or anywhere else in
the State of Massachusetts, described in the residuary clauses
of my said original will, without the consent, conveyance, or
signature of my daughter Elizabeth S. Wiggin, or any husband
she may have, or of my son, or of any of my grandchildren or
any guardians of them or any of them, and I also do hereby
devise and bequeath to the executors named in my said original
will, or as many as may qualify under it, and the survivors and
survivor of them, or such of them as from time to time may be
in the United States, all the said rest, residue, and remainder of
my residuary real and personal estate in Boston, East Boston,
Roxbury, and everywhere else in the State of Massachusetts,
as is particularly described in the residuary clauses in my said
original will executed on the second day of August, eighteen
hundred and sixty-seven, excepting my flats at Roxbury which
I have disposed of in a previous codicil, and the rents, issues,
and profits thereof, with all the rights, powers, and privileges
to my said executors and trustees which are contained in my
said original will, upon the following trusts, viz.: in trust with
all convenient speed to sell all my said residuary real estate and
lands as are in my said original will described and directed, and
to collect the rents, issues, profits, and interest moneys thereof,
and out of them to pay all taxes, assessments, and charges of
every kind which may be imposed upon the said lands, and to
sustain them, and enclose the same with fences, and fill up the
lots as may be required by the authorities, and until the lands
are sold, open, grade, make, and alter such new streets and high-
ways on the said lands as they may deem proper in order to
develop the lands or prepare them for sale in the market, or
may be required by law; then to divide the net proceeds of the
sales of my said residuary real estate, whether consisting in
cash or mortgages, or otherwise, and any investments which my
executors may make from the sales of my residuary real estate,"
among children and grandchildren named, "according to their
respective shares and interest in my residuary real and personal
estates which in my said original will I have devised and be-
queathed to them, and which are particularly specified in the

residuary clauses in my said original will of the second of August, eighteen hundred and sixty-seven."

The intention to make absolute in the codicil what was expressed as a wish in the will is manifest. The estate is given to the executors in trust, not only to sell, and invest and pay over proceeds of sales, but to receive and expend rents and profits, to manage and improve the lands, and dedicate streets to the public.

All the parties in interest now desire a partition of the land, and many considerations have been urged, with much force, to show that, in the condition of things as they exist ten years after the death of the testator, his intentions would be promoted by devesting the trustees of the legal estate. But neither the wishes of the devisees, nor the lapse of time, nor changes in the situation of the property, can affect the construction of the will, or change the intention of the testator manifested in it, or the estates given by it. It is the intention that he had, not that he might now have, which must be carried out, and the titles given by the will when it took effect which must be protected. *Petition dismissed.*