JOSEPH S. ALLEN, trustee, *vs.* CHARLES E. DEAN, executor.

Bristol.    October 25, 1888. — March 1, 1889.

Present : MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Devise — Executor — Power of Sale — " Settlement of the Estate."*

A testatrix authorized her executor " to sell and make conveyance of my personal or real estate, either at public or private sale, as the proper and convenient settlement of the estate may require." *Held,* that the executor was thereby empowered to sell the real estate only for the payment of debts, legacies, and the charges of administration entering into the settlement of the estate in the Probate Court, and not for the purpose of making partition or distribution among the devisees.

BILL IN EQUITY, filed on October 6, 1888, by the trustee of a devisee under the will of Maria Dean, to restrain the executor thereof from selling real estate of the testatrix beyond what was necessary for the payment of debts, legacies, and charges of administration, in the settlement of the estate. *Field,* J., reserved the case for the consideration of the full court. The facts appear in the opinion.

*W. H. Fox,* for the plaintiff.

*C. A. Reed,* (*J. H. Dean* with him,) for the defendant.

W. ALLEN, J.    The authority given to the executor to sell real estate " as the proper and convenient settlement of the estate may require," is a limited authority, to be exercised only as required in the settlement of the estate.    The executor intends to sell all real estate, not for the payment of debts, legacies, and expenses of administration, but for the purpose of dividing the proceeds among the devisees.    The only question argued is, whether by the words " in the settlement of the estate " the testatrix meant not only the settlement of the administration account in the Probate Court, but also the partition or distribution of the estate among the devisees.

The words " settlement of the estate," as commonly understood, and as used in the statute, when applied to the estates of deceased persons, refer to the settlement of the probate account.    See Pub. Sts. c. 131, § 4 ; c. 132, § 14 ; c. 133, § 4 ; c. 136, § 26 ; c. 138, § 2 ; c. 178, § 48.

There is nothing in the will to show that the testator used the words in any other sense.    The executor is not mentioned

in reference to the real estate, except in the provision in question. The residue is given absolutely, one fifth to each of four children, and one fifth in trust for another child. The trustee is a different person from the executor, and he is expressly authorized to invest the share in real or personal estate. Much the larger part of the estate is real estate, and the personal estate is not sufficient to pay the debts and legacies. In the first clause of the will the testatrix gives legacies to the children of a deceased son. In the second clause she gives " of the rest and residue of my property and estate, after the payment of my debts and charges of administration," one fifth to each of four children named. In the third clause she gives the remaining one fifth in trust for another child. The remaining provision of the will relates to the executor, and is in these words : " I hereby appoint my son, Charles E. Dean, to be executor of this will, and empower him to sell and make conveyance of my personal or real estate, either at public or private sale, as the proper and convenient settlement of the estate may require."

We think that the testatrix intended to authorize the sale of real estate for the payment of debts, legacies, and charges of administration which entered into the settlement of the estate in the Probate Court, and not to authorize the sale of the residue which was devised to her children. *Warden* v. *Richards,* 11 Gray, 277. In *Braman* v. *Stiles,* 2 Pick. 460, the authority to the executor was to sell the real estate " in such manner as he shall judge will be most for the interest of my heirs." In *Mayo* v. *Merritt,* 107 Mass. 505, it was " as he shall judge most for the interest of those concerned." In *Pratt* v. *Rice,* 7 Cush. 209, there was a general authority to the executors to sell for the purpose of converting real into personal property at their discretion.

As we think that the executor has no authority to sell the real estate for the purpose of making partition among the devisees, it is unnecessary to consider the objection, that it is not shown that the sale of the real estate and the division of the proceeds, instead of partition of the land, would be a proper and convenient mode of dividing the estate among the devisees. *Stevens* v. *Winship,* 1 Pick. 318. *Larned* v. *Bridge,* 17 Pick. 339, 342.

*Decree for plaintiff.*