FREDERICK G. MAY & another *vs.* FRANK BREWSTER, trustee, & others, administrators with the will annexed.

Suffolk.    January 24, 1905. — March 3, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Executor and Administrator*, Powers. *Devise and Legacy*, Construction.

Where a will plainly shows an intention of the testator that his real estate should be sold and the proceeds distributed in the settlement of his estate, the executor has power to sell real estate without an express statement to that effect.

Where a will plainly shows an intention of the testator that his real estate should be sold and the proceeds distributed in the settlement of his estate, giving the executor by necessary implication the power to sell real estate, the power is attached to the office and not to the person and passes to an administrator with the will annexed.

A will in the handwriting of the testator drawn without the aid of counsel contained the following provisions : " I direct my executors to proceed with moderation and patience but with due diligence to the winding up of my estate, largely consist-

ing of real estate which is in my opinion of considerable value but more or less en-
cumbered. My immediate assets of any considerable amount are my life policy
in $2,500, originally but now swollen by the regular addition of the company's
dividends. . . . Both of these above named policies are with the New England
Mutual Life Ins Co of Boston. Then after the payment of debts and the lega-
cies above named I direct the division of the net proceeds into        parts,
one for each of my children as follows," naming the testator's four daugh-
ters and one son, and providing that the daughters' shares should be held for
their benefit by a trustee named. No executor was named in the will, and
administrators with the will annexed were appointed. *Held,* that the will dis-
posed of the proceeds of the testator's real estate as well as of his personal
property, and that the legal title to the real estate vested in the five children of
the testator, subject to a power coupled with a trust in the administrators with
the will annexed, to sell the property to pay debts and legacies, and then to
pay the net proceeds four fifths to the trustee for the testator's four daughters
and one fifth to the testator's son.

PETITION, filed March 14, 1904, for the registration of the title
to a tract of land on the corner of State Street and Broad Street
in Boston.

In the Land Court the case was heard by *Davis,* J., who found
title in the petitioners proper for registration, but, before a de-
cree in accordance with such finding could issue, one of the
petitioners, Frederick W. G. May, died at Boston, testate,
seised of an undivided one fifth interest in the real estate in
question.

Thereafter, the heirs at law of Frederick W. G. May, as
petitioners for substitution, filed a suggestion of the death of
Frederick W. G. May, together with a copy of his will and the
probate proceedings thereon, and moved that they be substi-
tuted for him as parties in the petition to prosecute the same.
On inspection of the probate records notice of the motion for
substitution was ordered upon the trustee under the will and
the administrators with the will annexed, who appeared and
answered.

At the hearing upon this motion the case was submitted on
the record title and agreed facts. The judge found as follows:

Frederick W. G. May died at Boston on May 28, 1904, seised
of an undivided one fifth part of the real estate in question,
leaving a will, and as his only heirs at law the petitioners for
substitution. The will was proved on June 30, 1904, and Eleanor
G. May and Frank Brewster were duly appointed and qualified
as administrators of the estate of Frederick, with the will an-

nexed. On September 29, 1904, Mr. Brewster was appointed and qualified as trustee under the will.

Frederick W. G. May was eighty-three years of age at the date of his death, and his will, dated August 24, 1900, was in his own handwriting and was drawn by him without the aid of counsel. He died seised of sundry parcels of real estate. The estate for which registration of title was sought, of which he owned an undivided fifth part, was income producing and free from mortgage. The other parcels of land owned by him were not in a condition to produce income sufficient to meet the charges thereon, and some of them were subject to mortgages. The total value of the testator's real estate over and above mortgages, which in the aggregate amounted to $58,000, was not less than $75,000. He died possessed also of personal estate of not less than $75,000 in value, consisting of stocks, bonds, mortgages and other securities, including the two policies of life insurance referred to in his will. The personal estate was considerably more than sufficient to pay all legacies and known debts, including the mortgages on his real estate.

The petitioners for substitution requested the judge to rule, as matter of law, that the interest of Frederick W. G. May in the real estate, on his death, vested in them in fee simple.

The respondent Brewster, trustee, requested the judge to rule that on the death of Frederick W. G. May his interest in the real estate vested in Mr. Brewster as trustee for the daughters of the testator, and in Frederick G. May, son of the testator, as devisees under the will in fee, four fifths thereof in the trustee and one fifth in Frederick G. May.

The administrators requested the judge to rule that the interest of Frederick W. G. May vested at his death in the devisees under his will, one fifth in Frederick G. May and four fifths in the trustee, subject, however, to a power of sale in his administrators, for the conversion of his property into money.

The judge refused to make any of the rulings as requested, but ruled instead that the interest of Frederick W. G. May vested at his death in his heirs, the petitioners for substitution, subject, however, to a power of sale in the administrators for the purpose of conversion under the terms of the will, and to any statutory lien for the payment of debts or charges of the estate within

the time allowed by law. He ordered a decree for registration of title in the original petitioners other than Frederick W. G. May, and in the present petitioners for substitution, as to his undivided interest, subject as to the latter to the power of sale and statutory lien.

To the refusals to rule and to the ruling given, all of the parties excepted, and, at the request of the parties, the judge reported the case for determination by this court. If the rulings and refusals to rule were right, a final decree was to issue as ordered; otherwise, such final decree was to be made as this court might direct.

The will of Frederick W. G. May was as follows:

" I, Frederick Warren Goddard May now of 69 Adams St., Dorchester, in Boston Mass being of sound discerning mind and memory do hereby make and publish this my last Will and Testament revoking all others

" 1st I desire that after the payment of all my debts and funeral expenses there shall be paid to the Treasurers respectively of the New England Hospital for Women & Children and the Massachusetts School for the Feeble Minded former known as the Massachusetts School for Idiotic Youth of both of which Institutions I have had the honor to be sometime Treasr One hundred dollars each to found a fund in both institutions if such funds do not already exist the income of which in both cases shall be devoted to the pleasuring or extra comforts of the inmates of said Institutions for the time being

" And while fully aware of the trifling nature of these gifts they are made to show my constant interest in both Charities If such funds are already founded as in the case of the Feebleminded School I strove to do these gifts are to be added to swell the same the purpose and intent of the gifts being to give to the inmates some little treat outside of what may strictly fall within the rules or customs of these Institutions, if only a few packets of sweetmeats, a treat of good fruit or some rides in public or other conveyances

" And 2 give to Dr Helen Morton, Mrs. Helen M. Brown of Cambridge and her daughter Miss Jeanie Parkman Brown One hundred dollars each as mementoes from me and I direct my executors to proceed with moderation and patience but with due

diligence to the winding up of my estate, wch largely consisting of real estate which is in my opinion of considerable value but more or less encumbered

" My immediate assets of any considerable amount are my life policy in $2500, originally but now swollen by the regular addition of the Company's dividends until now when it is more than twice that sum and a Ten payment policy for 5000 to which also the dividends have been added until the sum of 7000 has been reached

" Both of these above named policies are with the New England Mutual Life Ins Co of Boston

" Then after the payment of debts and the legacies above named I direct the division of the net proceeds into        parts, one for each of my children as follows

" Eleanor Goddard May my only child by my first wife Eleanor Swan Goddard and Mary Jackson May now Mary May Eliot Anna Greenough May now Anna May Peabody Sarah Russell May now Sarah Russell May Stowell to be paid over to Frank Brewster Trustee to be held in Trust for each of my said daughters to be safely and as far as possible profitably invested to be free of all claim or interference of any husband if such there be and from all anticipatory action and the fifth remaining fifth part to be paid over to my only son Frederick Goddard May

" In case of the death of my eldest daughter Eleanor G May if still unmarried before this instrument becomes effective by my death her portion to be equally divided between the surviving sisters and brother or their representatives per stirpes.

" I intend to leave a memorandum of small gifts of personal property and of small sums of money by which I ask my Executrix to be guided unless she see overwhelming reason to depart from it.   And first and foremost I direct One hundred dollars to be paid to my personal servants if in my faithful employ at the time of my death, and now at this present writing Christina McUpsic Cook, — Jeanie (or Jane or Janie) Sutton, Housemaid, and Philip Reilly my personal attendant

" Signed and sealed and published as my last will and testament this twenty fourth day of August in the year Nineteen hundred                         Fred W G May   (l s) "

" Signed in the presence of the Testator by S. T. Gifford Louis A. Karcher Herbert R. Starratt Witnesses."

*H. M. Spelman,* for the petitioners.

*F. Brewster,* trustee, *pro se.*

*C. S. Rackemann,* for the administrators with the will an-, nexed of the estate of Frederick W. G. May.

KNOWLTON, C. J.   This is a report from one of the judges of the Land Court upon a petition for the registration of a title. The question arises upon a petition for substitution, suggesting the death of F. W. G. May, one of the original petitioners, and asking to be admitted as successors to his title.   He left a will in his own handwriting, which was made by him without the aid of counsel.   Our decision depends upon the meaning of this will.

The principal question, to which all others are subordinate, is whether he intended to have the will take effect upon his real estate, or only upon his personal property.   He mentions no particular real estate, nor any particular personal property except his policies of life insurance, which he refers to as his only immediate assets of any considerable amount.   He says, " I direct my executors to proceed with moderation and patience but with due diligence to the winding up of my estate, wch largely consisting of real estate which is in my opinion of considerable value but more or less encumbered."   The term " winding up " implies a disposition of the estate which will turn it into money.   He follows the direction with this provision : " Then after the payment of debts and the legacies above named I direct the division of the. net proceeds into        parts, one for each of my children as follows," etc.   The term " net proceeds " refers to the money which will come from the sale of the property.   The will nowhere refers to any distinction between real and personal property.   The estate which is to be wound up, under the direction first quoted, is immediately referred to as " largely consisting of real estate."   This is an express statement that the real estate is to be wound up, as well as the personal.   Then the statement in regard to its value and the incumbrances upon it, and the suggestion that the executors shall proceed with moderation and patience, but with diligence, strongly imply that he was considering the real estate as a part of the property with which the executors were to deal.

If we look at the final disposition of the property, we are

confirmed in this view. The net proceeds are to be divided equally among his children, and the shares of his four daughters are to be put in the hands of a trustee for investment, and to secure them from the interference of husbands, and "from all anticipatory action." If the will was held to include personal property alone, there would be little, if anything, left for division and for the operation of this trust, after the payment of debts and legacies.

There is a presumption against an intended intestacy, and it is not to be supposed that an old man owning real estate worth more than $130,000, and having personal estate amounting to only a little more than enough to pay his debts and legacies, would make a will which should have no reference to the real estate. Taking all the provisions of this instrument together, we have little doubt that the testator intended to have the real estate sold, and the proceeds divided in the settlement of his estate in the Probate Court.

Where such an intention is plainly discoverable in a will, it gives to the executors a power of sale, without an express statement to that effect. *Going* v. *Emery*, 16 Pick. 107. *Chandler* v. *Rider*, 102 Mass. 268. *Putnam* v. *Story*, 132 Mass. 205, 212. This is a power coupled with a trust, and not a mere naked power. *Chandler* v. *Rider*, 102 Mass. 268, 271.

In the present case the direction already referred to is to executors, and in another part of the will there is a reference to the executrix. But no executor was appointed, and the estate is being settled by administrators with the will annexed. A power of this kind, given to executors, is attached to the office and not to the persons. It therefore goes to administrators with the will annexed. *Chandler* v. *Rider, ubi supra. Black* v. *Dexter*, 12 Cush. 559, 568, 569, 571. *Putnam* v. *Story*, 132 Mass. 205, 212. We hold, therefore, that the administrators in this case have a power under the will, coupled with a trust, to dispose of this real estate and turn it into money.

Under the decisions in *Hammond* v. *Putnam*, 110 Mass. 232, and *Perkins* v. *Coughlan*, 148 Mass. 30, it may be that, for some purposes, this real estate was constructively converted into personal property, as of the time of the death of the testator. In fact it remained in the form of real estate, and for the purposes of this case it must be dealt with as real estate.

The trust in Mr. Brewster, to receive and hold for the four daughters the money paid over by the administrators with the will annexed, does not affect the legal title to the real estate before it is disposed of. His first duty as trustee is to take the money when it is ready to be paid over. We are of opinion that this title is in the five children of the testator, subject to a power in the administrators with the will annexed, coupled with a trust, to sell the property, pay debts and legacies, and then divide the net proceeds between the testator's son and the trustee for his four daughters.

Decree accordingly..