ROGER McLAUGHLIN *vs.* P. ROBERT GREENE & another, executors, & others.

Suffolk.    January 13, 1908. — March 2, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON & RUGG, JJ.

*Partition.    Devise and Legacy.    Words, "* Direct."

A testator by his will, after giving pecuniary legacies to the amount of $20,000, provided as follows: "All the rest, residue and remainder of my estate . . . I direct my executors hereinafter named to divide and distribute among my heirs and next of kin according to the laws of distribution and descent now in force in said Commonwealth." An heir at law of the testator brought a petition for partition, alleging that this clause gave the executors no right to divide and distribute the real estate of the testator which, he alleged, vested in the heirs at law, subject only to the rights of creditors. It appeared that the real estate of the testator consisted of twenty-two different parcels, varying in value from $300 to $18,000, that the personal property amounted to about $49,000, and that the claims of creditors were much less than this amount. *Held*, that the testator by using the word "direct" had imposed on his executors the duty of dividing and distributing the residue of his estate among his heirs and next of kin, that it was not necessary to decide whether there was a devise to the executors, because it was clear that, if they did not have the title to the land, they were given by necessary implication a power to sell and dispose of the property for the purpose of making the directed distribution, so that, even if the heirs at law took the real estate in fee, it was subject to the necessary exercise of this

power, and a partition, if made, soon would become of no effect, and, if effective, would defeat the purpose of the testator; therefore that the petition should be dismissed.

PETITION, filed in the Probate Court for the county of Suffolk on July 24, 1907, by one of the heirs at law of Daniel McLaughlin, late of Boston, for the partition of certain real estate in Boston, Revere and Somerville belonging to the estate of Daniel McLaughlin, alleged to be in the course of settlement in that court.

In the Probate Court *Grant,* J., made a decree dismissing the petition, and the petitioner appealed, stating in objection to the decree that the residuary clause of the will of Daniel McLaughlin, which is quoted in the opinion, did not give the executors the right to divide and distribute the real estate of the testator, which vested in his heirs at law, subject only to the rights of creditors.

The appeal came on to be heard before *Sheldon,* J., who at the request of the parties reserved it upon the record of the Probate Court, the will and an agreed statement of facts for determination by the full court, such decree to be entered as justice might require.

*M. H. Sullivan,* (*D. J. Maloney* with him,) for the petitioner.

*J. F. Sweeney & H. A. Wilson,* for the respondents, submitted a brief.

SHELDON, J. The question in this case is as to the effect of the residuary clause in the will of Daniel McLaughlin. He left twenty-two different parcels of real estate, fifteen located in Boston, six in Revere, and one in Somerville, varying in value from $300 to $18,000, and personal property amounting to nearly $49,000. Bills have been presented to his executors amounting to not more than $6,100, and the executors also have been notified that several actions are to be brought for alleged claims against the estate. The will gives pecuniary legacies to the amount of $20,000, and then provides as follows: " All the rest, residue and remainder of my estate of every nature and description, real, personal and mixed, wherever the same may be located, I direct my executors hereinafter named to divide and distribute among my heirs and next of kin, according to the laws of distribution and descent now in force " in this Common-

wealth. His heirs are the parties to this suit, including two brothers and a sister, five children of a deceased brother, and five children of a deceased sister.

The petitioner contends that the direction to the executors to divide and distribute the whole residue both real and personal should be disregarded; that it is mere surplusage, or at most is to be applied only to the personal property, which it is their duty in any event to distribute among the persons entitled thereto. The respondents contend that this is either a bequest of the residue to the executors in trust to sell and divide it among the testator's heirs and next of kin, or else that it is left to the executors to convert the whole property into money and divide it among the beneficiaries; and so that the court ought not to make partition of the real estate taken alone.

The language of the will is meagre; but we are, if possible, to ascertain the real meaning of the testator from the words which he has used. We are not to reject any of those words, unless we see clearly that this is necessary to carry out his wishes. Giving effect to all the language of the testator, it seems manifest to us that he has wished to impose upon his executors the duty of dividing and distributing the residue of his estate among his heirs and next of kin. He has, by using the word " direct," imposed upon them the duty of doing this. The fact that his real estate consists of so many different parcels of so widely varying values, indicates the probable reason of this desire of the testator. The executors are given the power and the duty of making the distribution; they are charged with an active trust. The case comes within the principles of *Going* v. *Emery*, 16 Pick. 107. Here, as in that case, there is a clear intent expressed to dispose of all the testator's property; the residue spoken of includes both real and personal property; and both alike are to go to the beneficiaries merely through the hands and by the action of the executors. It is not necessary to decide whether there is by implication a devise to the executors. *Gerard* v. *Buckley*, 137 Mass. 475. *Fay* v. *Fay*, 1 Cush. 93. Whether this is or is not so, it seems clear that they are given by necessary implication a power and a duty to sell and dispose of the property for the purpose of making the directed distribution. This power of course may be given by

implication, as it was held to be in *Going* v. *Emery*, 16 Pick. 107. *May* v. *Brewster*, 187 Mass. 524. The power given to and the duty imposed upon the executors is not limited to what may be necessary for accounting in the Probate Court, as in *Allen* v. *Dean*, 148 Mass. 594; it more resembles the provisions considered in *Mayo* v. *Merritt*, 107 Mass. 505, and *Pratt* v. *Rice*, 7 Cush. 209. Nor do we find anything inconsistent with this conclusion in the cases referred to by the petitioner. If the parties to this petition took a fee in the real estate, yet it was subject to the power and trust reposed in the executors. A partition among them of the legal estate would speedily become of no effect by the action which it is the duty of the executors to take, *Braman* v. *Stiles*, 2 Pick. 460, and so far as it might be valid would tend to frustrate the intention of the testator. This the beneficiaries under his will have not the right to do. *Gerard* v. *Buckley*, 137 Mass. 475. *Outcalt* v. *Appleby*, 9 Stew. 73. *Cubbage* v. *Franklin*, 62 Mo. 364. *Hill* v. *Jones*, 65 Ala. 214.

*Decree of Probate Court affirmed.*