CHARLES F. SMITH & another, executors & trustees, *vs.*
GEORGE A. HAYNES & others.

Essex.　May 17, 1909. — June 22, 1909.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Devise and Legacy,* Division by classes or by individuals.　*Trust,* Power of trustee to sell real estate.　*Words,* "Share and share alike," "Heirs," "Need."

The seventeenth clause of a will, each of the first fifteen clauses of which contained a legacy of a stated amount of money to a specified person, and the sixteenth clause of which devised the testator's homestead to a son of his nephew A., provided as follows: "I give and bequeath the Ballance of my real Estate and Personal Property to my Heirs as follows to the 8 Children of my Nephue A. 8 shares to the 8 children of my Niece F. 8 shares and my said Niece one Share and to" the son of a grandnephew one share "making 18 shares Share and Share alike." One of the eight children of the niece F., who was living when the will was made, died before the testator. *Held,* that it was manifest that the testator intended to dispose of all of his property, and that the clause quoted was intended as a residuary clause, that, although he used the words "share and share alike," he intended the division to be made by classes and not by individuals, and that the eight parts of the residue given to the children of F. should be divided among the seven living at the death of the testator.

By the sixteenth clause of his will, a testator devised his homestead to a grandnephew P. By the seventeenth clause he divided the residue into eighteen parts, of which seventeen parts were given by classes to P.'s brother and sister, to a niece F., and to her children, and to the children of a nephew, but $4,000 was deducted from P.'s share because of the devise of the homestead. The eighteenth clause read as follows: "I give that Said Four Thousand Dollars to the remaining 17 Heirs to be divided Equally among them." One of the

children of the niece F. had died before the testator. *Held*, that the division of the $4,000 was to be among those named in the eighteenth clause, excepting P., in a single class, each receiving one sixteenth.

After clauses disposing of the residue of his estate among a niece and grand-nephews and grandnieces, a testator provided as follows: "If at my Decease any of said Heirs are not 21—years of age I will that the Money going to them be invested by the trustees in good City Bonds or in some good Savings Banks and if said Heirs are not in need of the money it shall remain invested until they becom of age." The will nowhere specifically gave the trustees power to sell real estate. The residue was both real and personal estate. *Held*, that it was the intent of the testator that each beneficiary's share should be paid to him as he reached majority, that whether or not a beneficiary was "in need of money" at any time was to be determined by the trustees in the exercise of sound judgment and wise discretion in the light of all attendant conditions, and that by implication without express statement there was conferred upon the trustees a power of sale of real estate.

Where a will makes it the duty of the trustee thereunder to provide for the needs of certain beneficiaries, and the estate consists of both real and personal prop-erty, the trustee by necessary implication has power to sell real estate included in the trust to carry out its purposes.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Essex on November 6, 1908, seeking a construction of certain clauses of the will of Phineas Haynes, late of Haverhill, and for instructions in relation thereto.

The will contained nineteen clauses regarding the disposition of property. Each of the first fifteen made a legacy of a speci-fied amount of money to a specified person. The sixteenth gave the testator's homestead estate to Phineas W. Haynes. The seventeenth, eighteenth and nineteenth clauses are quoted in the opinion.

The case was heard by *Knowlton*, C. J. He reserved it for determination by the full court.

The case was submitted on briefs.

*W. S. Bartlett & J. J. Cavan*, for the children of Arthur W. Haynes, deceased.

*J. J. Ryan & R. C. Pingree*, for Florence E. Fellows, an heir at law.

*C. A. Holmes*, guardian *ad litem*, for the children of Florence Fellows.

RUGG, J. This is a bill in equity by executors and trustees praying for instructions as to their duties under the will of Phineas Haynes.

1. The first question presented is as to the shares to which

the children of Florence Fellows are entitled.  This involves the construction of the following clause : " Seventeenth I give and bequeath the Ballance of my real Estate and Personal Property to my Heirs as follows to the 8 Children of my Nephue Arthur W. Haynes 8 shares to the 8 children of my Niece Florence Fellows 8 shares and my said Niece one Share and to George A. Haynes son of my Grand Nephue Allison Haynes one share making 18 shares Share and Share alike Excepting the Share of Phineas W. Haynes to whom I have given the Homestead in Section Sixteenth in this will to said Phineas W Haynes I give and Bequeath one full Share less Four Thousand Dollars."   One of the eight children of Florence Fellows, living at the date of the will, predeceased the testator, leaving no children.  If the legacy was given to the children as a class, on the death of one, the survivors take the whole, while if it was given to them as named individuals, then, on the decease of one, his share lapses, and being in the residuary clause with no gift over, becomes intestate estate.  *Dresel* v. *King*, 198 Mass. 546.  It is manifest from the will as a whole that the testator intended to dispose of all his estate and not to be in any respect intestate.  Clause seventeenth has the characteristics of a true residuary clause, and discloses a purpose to include in it all estate not disposed of by the other clauses of the will.  These children naturally form a class by reason of the relation to each other.  They are grouped together by the testator under a common designation as the children of one mother, who was his niece.  He describes them as a class and not as individuals.  The children of one nephew are grouped by the testator in the same way, while the other beneficiaries in the residuary clause are named.  Although the words " share and share alike " tend toward the other construction, they are not in any event conclusive, and do not overcome the general intent not to be intestate.  They are applicable to the situation existent at the execution of the will, but are not controlling of a subsequent condition, where they conflict with the main purpose of the will.  *Meserve* v. *Haak*, 191 Mass. 220.  It follows that eight parts of the residuum are to be divided equally among the seven children of Florence Fellows who survived the testator.  *Swallow* v. *Swallow*, 166 Mass. 241.

2.  The next question is as to the disposition of the $4,000

excepted from the share of Phineas W. Haynes in clause seventeenth and given by clause eighteenth, which is as follows : " I give that Said Four Thousand Dollars to the remaining 17 Heirs to be divided Equally among them." This language of the testator designates a single class, excluding from it Phineas W. Haynes, to whom he had made a specific devise of real estate by an earlier provision of the will. The description of this class as his " remaining 17 heirs " was not technically accurate, because the children of Florence Fellows were not his heirs, but he employs this word as indicating the objects of his benefactions in the three clauses under discussion. They were all his blood relations, and naturally lend themselves to the formation of a single class. This legacy is to be equally divided between the beneficiaries described in clause seventeenth, except that Phineas W. Haynes is not included. Each will receive one sixteenth.

3. Clause nineteenth provides that " If at my Decease any of said Heirs are not 21-years of age I will that the Money going to them be invested by the Trustees in good City Bonds or in some good Savings Banks and if said Heirs are not in need of the money it shall remain invested until they becom of age."

The intent expressed by this language is that the shares shall be paid to the children as they severally reach majority. There is nothing to indicate a design that the trustees shall hold the shares of all those who were minors at the death of the testator, until the youngest reaches the age of twenty-one years.

The further instruction under this clause is requested as to the circumstances under which the beneficiaries may be treated as " in need of the money " invested for them. The word "need" as here used imports something different from mere desire or the payment of a specific sum at a specified time, and therefore *Conant* v. *Stratton*, 107 Mass. 474, is not in point. The main purpose is to preserve the legacies until the beneficiaries severally attain majority. But as a concession to the possible inability of parents or guardians to provide the physical, educational or moral environment suited to their birth and prospects as the recipients at the age of twenty-one of bounty from the testator, he provides as incidental to the chief consideration that they shall not lack conditions, which would be in keeping with their position in society, in order that on be-

coming of age they might become useful citizens. So far as the amount of the fund permits, they should be decently clothed, properly educated, and be placed under virtuous influences. Perhaps they may be expected, when of sufficient age, to work toward their own support and thus be trained to industry and economy. Their circumstances are not disclosed with definiteness on the record nor is the amount of their shares stated. Hence it is not possible and perhaps not necessary more explicitly to determine their needs than to say that advancements may be made from time to time as a sound judgment and wise discretion may dictate.

The will appoints trustees. The only mention of them aside from the provision for their appointment and succession and the only occasion for their service is in clause nineteenth. There is no indication of an intent that the needs of the minors for advancement should be decided by any one except the trustees, while it is in harmony with the general benevolent design of the testator that the trustees pass upon that question. The careful conservation of the residuum of the estate provided by the will might be frustrated if this decision was left to others. It follows that the trustees are to determine what are the needs of the several minors for advancements.

The final request for instruction is whether the trustees have power to sell real estate. The residuum of the estate consists of both real and personal estate. The will gives no express power to sell the real estate. But it confers upon the trustees an active duty to provide for the needs of certain beneficiaries. It is conceivable that sickness or distress might require the entire share of some of the minors to relieve their needs before the time for final payment arrives. It follows that by implication without express statement there is conferred upon the trustees a power of sale of the real estate. *May* v. *Brewster*, 187 Mass. 524. *McLaughlin* v. *Greene*, 198 Mass. 153.

*Decree accordingly.*