CHARLES D. SIAS & others, trustees, *vs.* HERBERT T. CHASE & others.

Norfolk.    November 30, December 1, 1910. — January 4, 1911.

Present : KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Devise and Legacy.    Words,* " Foregoing legacy."

The will of a testator, who left a widow but no children, gave a large number of legacies to relations and friends, and created a trust fund of which his widow was to have the income for life.    After her death there were to be paid twenty-two legacies to charities, and the residue of the fund was to be distributed as follows : " I further direct my trustees to so divide and distribute all the rest and remainder of said trust fund among the survivors of my legatees named below that each survivor shall receive such a proportional part thereof as the amount of his foregoing legacy bears to the sum remaining to be distributed ; to wit : "    Here followed the names of thirty-five persons who were relations or friends of the testator, to each of whom a legacy had been given in the preceding part of the will.    The declarations and provisions of the will made it plain that the clause quoted must be construed as including in the distribution all the property of the testator not previously disposed of.    *Held,* that only those persons of the thirty-five named who survived the widow of the testator were entitled to share in the residue ; and that the part of the fund which each survivor would receive was to be in such proportion to the whole amount to be distributed as the amount of the legacy given to him by the preceding part of the will bore to the total amount of the legacies sharing in the distribution.

A testator, who left a widow but no children, gave a large number of legacies to relations and friends, and created a trust fund of which his widow was to have the income for life and out of which after her death twenty-two legacies to charities were to be paid, and then directed that the residue of such trust fund should be distributed among the survivors of thirty-five persons named who already had been made legatees in preceding parts of his will.    By a codicil the testator made the following provision : " Whereas by said will I gave a legacy to each of the following named persons, to wit : [naming thirty-four persons who were legatees under his will, some of whom were named in the residuary clause and some of whom were not].    And whereas, upon mature reflection, I do not wish a legacy to any one of the persons named above to lapse by reason of his or her death prior to my decease, or for other cause I now direct that no legacy to

any one of the persons above named, shall lapse, but that, if any one of those named above shall predecease me, his or her share shall be distributed as if it were his or her intestate estate." *Held,* that this provision of the codicil referred only to the legacies given to the persons named in the parts of the will preceding the residuary clause, and had no application to the final gift to the survivors of the thirty-five persons enumerated in the residuary clause.

A codicil to a will contained the following provisions: "And whereas by my said will I gave the estate in remainder in all my real property, devised to my wife for life, to my niece C., I now modify that devise and give to her the estate in remainder only in my real property in said West Harwich, which I have long occupied as a summer residence and have been accustomed to call my 'homestead,' and which estate I inherited from my father." The will contained a residuary clause disposing of all the property of the testator not previously disposed of. *Held,* that the portion of the remainder of the testator's real estate, which by the will was to go to his niece C. but which by the clause in the codicil quoted above was separated from her share, fell into the residue of the testator's estate and was to be disposed of under the directions relating to such residue.

The will of a testator, who left a widow but no children, gave a large number of legacies to relations and friends, and created a trust fund of which his widow was to have the income for life and which after her death was to be applied first to the payment of twenty-two legacies to charities, and then was to be disposed of as the final residue of her estate as follows: "I further direct my trustees to so divide and distribute all the rest and remainder of said trust fund among the survivors of my legatees named below that each survivor shall receive such a proportional part thereof as the amount of his foregoing legacy bears to the sum remaining to be distributed; to wit:" Here followed the names of thirty-five persons who were relations or friends of the testator, to each of whom a legacy had been given in the preceding part of the will. There were codicils to the will which contained additional legacies increasing the amounts given to some of the legatees. *Held,* that the term "foregoing legacy" in the residuary clause above quoted referred to the legacies in the preceding part of the will and did not include the additional legacies to some of the same legatees by the codicil, which were to be disregarded in computing the proportional parts in which the residue was to be distributed.

BILL IN EQUITY, filed in the Supreme Judicial Court on June 28, 1910, by the trustees under the will of Caleb Chase, late of Brookline, for instructions.

The case came on to be heard before *Rugg,* J., who reserved it upon the pleadings for determination by the full court.

Caleb Chase died on November 23, 1908, leaving no issue. His widow, Salome B. Chase, survived him, and died on March 26, 1910. The will of Caleb Chase was executed on January 21, 1899. There were seven codicils. The first codicil was executed on December 26, 1899, and the second codicil was executed on October 19, 1901. The five later codicils are not material. The will and codicils were proved on December 16, 1908.

The provision of the will giving directions to the trustees as to the distribution of the residue of a trust fund created by the will in regard to which the plaintiffs sought instructions, is quoted in the opinion.

The provision in the first codicil referred to in the opinion was as follows :

" Whereas by my said will I gave to my brother Erastus Chase ten thousand dollars, I now give to him an additional ten thousand dollars, — making in all a legacy of twenty thousand dollars. [This brother was named in the residuary clause quoted in the opinion.]

" And Whereas by said will I gave a legacy to each of the following named persons, to wit : [naming thirty-three persons, twenty-six of whom were named in the residuary clause of the will quoted in the opinion and eight of whom were not named in that clause.]

" And whereas, upon mature reflection, I do not wish a legacy to any one of the persons named above to lapse by reason of his or her death prior to my decease, or for other cause, I now direct that no legacy to any one of the persons above named, shall lapse, but that, if any one of those named above shall predecease me, his or her share shall be distributed as if it were his or her intestate estate."

The provision in the second codicil referred to in the opinion was as follows :

" And whereas by my said will I gave the estate in remainder in all my real property, devised to my wife for life, to my niece Cora M. Berry, I now modify that devise and give to her the estate in remainder only in my real property in said West Harwich, which I have long occupied as a summer residence and have been accustomed to call my ' homestead,' and which estate I inherited from my father."

*S. Z. Bowman*, for the trustees, stated the case.

*R. M. Morse*, (*N. A. Tufts & J. R. Lazenby* with him,) for the legatees living at the time of the filing of the bill, who were those that survived the testator's widow.

*A. Hemenway*, for the executors of the will of Salome B. Chase.

*Asa P. French*, for Annie E. Ginn.

*G. L. Mayberry*, for Florence T. Chase and others.

*H. H. Baker*, (*G. C. Coit* with him,) for Annie M. Chase.

*E. A. Whitman*, (*S. J. Elder* with him,) for the trustees for Cora M. Berry and for Edward Glines.

*G. C. Dickson & C. S. Knowles*, for Anna C. Rogers, submitted a brief.

*C. T. Gallagher & F. A. Fernald*, for Phoebe Currier, submitted a brief.

*A. J. Howard*, for John H. Ellis, submitted a brief.

KNOWLTON, C. J.　The plaintiffs, trustees under the will of Caleb Chase, bring this bill for instructions as to their duties under the following clause of the will:

"And I further direct my trustees to so divide and distribute all the rest and remainder of said trust fund among the survivors of my legatees named below that each survivor shall receive such a proportional part thereof as the amount of his foregoing legacy bears to the sum remaining to be distributed, to wit," etc.　Then follow the names of thirty-five legatees. This residue was what would remain after the giving of a large number of legacies to relatives and friends, and after the creation of a trust fund of which the widow was to have the income for life, and after the death of the widow and the payment from the fund of twenty-two legacies to as many charities.

Numerous questions have been raised; but the decision of a few of them will render the others inapplicable.　Although a large amount of property is in the hands of the trustees for distribution, the questions presented seem simple.

The first inquiry is as of what time are survivors to be determined.　The persons mentioned are not members of a. class. They are relatives and friends of the testator, to all of whom legacies had been given in the earlier part of the will.　By this clause they are to share in a fund which does not take definite form, with the amount of it fixed, until after the death of the widow, and the subtraction from it of the amounts given to charities.　We think it plain that only those who survive the widow are included.　This is in accordance with numerous decisions in similar cases.　*Hulburt* v. *Emerson*, 16 Mass. 241. *Rich* v. *Waters*, 22 Pick. 563.　*Denny* v. *Kettell*, 135 Mass. 138.　*Coveny* v. *McLaughlin*, 148 Mass. 576.　*Fargo* v. *Miller*, 150 Mass. 225.　*Crapo* v. *Price*, 190 Mass. 317.　*Brown* v.

*Wright*, 194 Mass. 540.  *Boston Safe Deposit & Trust Co.* v. *Blanchard*, 196 Mass. 35.

It is contended in behalf of some of the heirs of the testator that this clause is void for uncertainty, or that it should be so construed as to leave a large part of the fund undisposed of, to be distributed as intestate estate.  The will contains the strongest indications of the testator's purpose to dispose of all of his property.  The first clause of disposition is, " I give, bequeath and devise all my property and estate of whatever nature and wherever situated, as follows."  The property bequeathed and devised in trust, of which this fund is a part, is described as, " All the rest and remainder of my estate."  The clause in question directs the distribution of " all the rest and remainder of said trust fund."  In some of the codicils there is also an express recognition of the testator's purpose to include all of his property in this testamentary disposition.  We have no doubt that this clause should be construed as including in the distribution all the property not previously disposed of.

Nor is there any ground for question in regard to the proportions in which the legatees are to receive it.  The language in which the direction is expressed is inaccurate.  The part of the fund that each survivor will receive is in such proportion to the whole amount to be distributed, as the amount of his legacy is to the whole amount of the legacies sharing in the distribution, instead of in the proportion that his legacy is to the sum remaining to be distributed.  This follows from the fact that the entire residue is to be divided.  As the share of each one is represented in the proportion by the amount of his legacy, and as the amount of all the legacies will represent the shares of all together in the whole residue to be divided, each one will receive such a share of this residue as his share of the legacies bears to the whole amount of these legacies.  See *Bartlett* v. *Houdlette*, 147 Mass. 25 ; *Shattuck* v. *Balcom*, 170 Mass. 245 ; *Chambers* v. *Chambers*, 41 La. Ann. 443 ; *Heyward* v. *Glover*, 2 McCord Ch. 395 ; *Gray's estate*, 147 Penn. St. 67.

The next question is whether the provision in the first codicil, reciting the giving of legacies to thirty-four persons named, and directing that no legacy to any one of these persons shall lapse by reason of his or her death prior to the testator's decease, or

for other cause, includes the right to share in the rest and residue of the estate, or refers only to the legacies given to these persons in the former part of the will. In *Quincy* v. *Rogers,* 9 Cush. 291, 297, Chief Justice Shaw said that, " in common parlance, as well as in a more precise use of language, a 'legacy' is distinguishable from the gift of a residue, or share in a residue." This language is quoted with approval in *White* v. *Ditson,* 140 Mass. 351, 359. The case of *Lyman* v. *Coolidge,* 176 Mass. 7, is also in point. See also *Pendergast* v. *Tibbetts,* 164 Mass. 270; *Hall* v. *Severne,* 9 Sim. 515. Moreover, it is not to be presumed that this provision in the codicil was intended to include shares in the residue which, by the terms of the clause in question, were given only to those who not only survive the testator, but survive his widow. We are of opinion that this part of the codicil has no bearing upon the mode of distribution under the residuary clause of the will.

That part of the remainder in the real estate which by the will was to go to Mrs. Berry, but by the second codicil was separated from her share, falls into the residue, and is to be disposed of by the trustees under the authority of the will; and the proceeds are to be distributed, as a part of the fund, to the survivors of the legatees referred to. *McLaughlin* v. *Greene,* 198 Mass. 153. *Smith* v. *Haynes,* 202 Mass. 531. *May* v. *Brewster,* 187 Mass. 524.

The term " foregoing legacy," in the clause in question, refers to the legacies in the preceding part of the will, and does not include any additional legacies under the codicils increasing the amounts given to some of the legatees.

The distribution is to be made among the persons included in the first class * in the plaintiff's bill, in such proportions that the amount given to each shall be in the same proportion to the whole amount distributed, as the amount of his legacy, given in the preceding part of the will, bears to the whole amount of the legacies included in making the distribution.

*So ordered.*

---

* The first class of persons as set forth in the plaintiff's bill was entitled "Legatees now Living." The second class was entitled "Legatees who died before the Death of the Testator," and the third class was entitled "Legatee who died after the Death of the Testator and before the Death of the Widow."