HELEN M. DOHERTY *vs.* NEIL McLAUGHLIN.

Suffolk.    March 5, 1923. — May 22, 1923.

Present: RUGG, C.J., BRALEY, DeCOURCY, CROSBY, & PIERCE, JJ.

*Contract.* Implied.    *Devis · and Legacy.*

Where a testator in Ireland devised his farm there to his son, living ·in and a
citizen of this country, who was not named as executor, "provided he
comes home before my death or within three years after it to take posses-
sion of same," and further provides that, "in the event of" such son
"refusing to come home as is hereinbefore provided I direct my executor
to sell the said farm and to divide the proceeds equally between" the son
and three other named children, and, within a few months after the testa-
tor's death, the son named returned to Ireland, took possession of the farm
and sold it and immediately thereafter returned to this country, one of the
three other children cannot maintain against the son· an action of contract
for money had and received, even if the son did not fulfil the conditions
imposed upon him by the will to entitle him to the ownership of the farm;
as, if such conditions were not fulfilled, the legal title to the property vested
in the children, including the plaintiff, subject to a power coupled with a
trust in the executor to sell and distribute the proceeds, and no valid sale
could be made by the son and no proceeds could be in his hands in which
the plaintiff would have any interest.

CONTRACT for $825, alleged to have been had and received
by the defendant to the use of the plaintiff.    Writ in the
Municipal Court of the City of Boston dated July 20, 1920.

Material facts appearing at the trial in the Municipal
Court and action of the judge upon rulings there requested
by the plaintiff are described in the opinion.    The judge
found for the defendant and, at the request of the plaintiff,
reported the action to the Appellate Division, who dis-
missed the report.    The plaintiff appealed.

*G. R. Farnum,* for the plaintiff.

*J. Burke,* for the defendant.

CROSBY, J.    This is an action for money had and received
by the defendant to the plaintiff's use.    The undisputed
evidence shows that William McLaughlin died testate on
April 9, 1918, at his residence in Donegal, Ireland.    He left

as his only heirs at law two sons and two daughters. One of the daughters was deceased at the time of the trial; one of the sons is the defendant, the surviving daughter is the plaintiff; the other son resides in Ireland.

The will was duly probated in the King's Bench Division in the High Court of Justice in Ireland on April 26, 1918; the only part thereof material to the issue presented in this action is as follows: " I bequeath my farm situate in Bally-loskey Carndonagh to my son Neil at present residing in the United States of America provided he comes home before my death or within three years after it to take possession of same. In the event of my son Neil refusing to come home as is hereinbefore provided I direct my executor to sell the said farm and to divide the proceeds equally between my children Edward, Neil, Ellen and Matilda."

The son was not made executor of the will. At the time of his death the testator owned the farm above referred to upon which he lived, and which had been in the family for two generations; both the plaintiff and the defendant were born there. The defendant left Ireland eighteen years ago and never has returned or sent his father any money; he is married and resides in Boston with his wife and children, has been admitted to citizenship and been eligible to vote for the last twelve years; he is a teamster by occupation, but before leaving Ireland he worked on his father's farm.

It is recited in the report of the trial judge that upon receiving notice of his father's death the defendant procured a copy of the will and within a few months after the testator's death returned to Ireland, took possession of the farm, advertised it for sale, and sold it for the sum of £600; immediately thereafter he returned to this country, bringing with him the proceeds of the sale less the amount of his travelling expenses. The report also recites that the plaintiff testified she saw the defendant in July of the same year, after his return to this country; that he informed her he had sold the farm and obtained £600 therefor; that she demanded her share of the proceeds, but that the defendant refused to pay her any part thereof; that the defendant

testified " that he went to Ireland with the intention of staying there permanently but upon his arrival, he changed his mind upon learning of unsettled conditions there."

The plaintiff requested the trial judge to rule " (1) On all the evidence the plaintiff is entitled to recover; (2) On all the evidence the plaintiff is entitled to one-fourth of the net proceeds realized by the defendant from the sale of the farm in Ballyloskey Carndanogh in Ireland." These rulings were refused, but the remaining requests, 3, 4 and 5, were given, and a finding was made for the defendant.

It is manifest that the refusal of the trial judge to make the first and second rulings was correct. The plaintiff cannot recover in this action, even if the defendant did not fulfil the conditions imposed by the will to entitle him to the ownership of the farm: in that event the will provides that the executor is directed to sell the farm and divide the proceeds equally between the testator's four children. If as the plaintiff contends the defendant did not fulfil the conditions imposed by the will, the legal title to the property vested in the children subject to a power coupled with a trust in the executor to sell and distribute the proceeds. *May* v. *Brewster*, 187 Mass. 524, 530. *McLaughlin* v. *Greene*, 198 Mass. 153. *Smith* v. *Haynes*, 202 Mass. 531. *Sias* v. *Chase*, 207 Mass. 372, 377. The court rightly ruled in accordance with the plaintiff's third, fourth and fifth requests which, in substance, were that the defendant is not entitled to the farm under the will unless he went there with the *bona fide* intention of taking up his residence thereon.

The plaintiff cannot maintain that the title to the farm did not vest in the defendant and at the same time claim that the sale of it by the defendant was valid and that she is entitled to a share of the proceeds. As this action cannot be maintained for the reasons stated, we need not determine whether the defendant complied with the conditions of the will so that he had the legal title at the time of sale.

*Order of the Appellate Division dismissing report affirmed.*