BOSTON SAFE DEPOSIT & TRUST CO. AND CORNELIA G. PFAFF, EXECUTORS OF THE WILL OF CHARLES PFAFF, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 31537.   Promulgated November 20, 1930.

*Charles M. Rogerson, Esq.*, for the petitioners.
*Lewis S. Pendleton, Esq.*, for the respondent.

OPINION.

MURDOCK: The petitioners concede that inasmuch as the wife was given the right to withdraw $100,000 out of the principal of the trust fund, this $100,000 must be deducted in computing the value of the gifts to charity. But they contend that the stipulated amount of $176,229.14 should be deducted as the value of the gifts to charity, because the contingency that the trustees might be required to invade the principal for the comfort and support of the widow is so remote

that it should not be considered to defeat or even reduce the gifts to charity. In support of this contention they first point out that under Massachusetts law the discretionary power of a trustee under such circumstances may be exercised only as sound judgment may indicate in the light of all attendant conditions, with due regard for the rights of those whose interests are injuriously affected by its exercise. *Smith* v. *Haynes*, 202 Mass. 531; 89 N. E. 158; *Lovett* v. *Farnham*, 169 Mass. 1; 47 N. E. 246; *Gardiner* v. *Rogers*, 166 N. E. 763. Inasmuch as the decedent and his wife had both been living on the income from the trust property for several years prior to his decease, it is only reasonable to believe that after the decedent's death his widow would be able to live on the income from that same trust property. Furthermore, she had some independent property of her own which was substantial in amount, and which gave her considerable additional income. Under all the circumstances of the case, there was at the time of the decedent's death, only a remote possibility that in the discretion of the trustees it would be necessary to invade the principal beyond the $100,000 above mentioned for the comfort and support of the widow. This conclusion is supported by the opinion testimony of one of the officers of the Trust Co., and subsequent events show that his opinion was correct.

There are a number of cases in which the principles herein involved have been fully discussed and which make further comment in this case unnecessary. These cases fully support the petitioners' contention. See *Ithaca Trust Co.* v. *United States*, 279 U. S. 151; *Hartford-Connecticut Trust Co.* v. *Eaton*, 36 Fed. (2d) 710; *First National Bank of Birmingham* v. *Snead*, 24 Fed. (2d) 186; *Herron* v. *Heiner*, 24 Fed. (2d) 745; *Mercantile Trust Co., Executor*, 13 B. T. A. 85; affd., 43 Fed. (2d) 39; *Benjamin B. Sanderson, Executor*, 18 B. T. A. 221; *Boston Safe Deposit & Trust Co. et al., Executors*, 20 B. T. A. 1159. Cf. *Humes* v. *United States*, 276 U. S. 487.

*Judgment will be entered for the petitioners under Rule 50.*