PHILIP A. CHAPMAN, executor, *vs.* JOHN E. CLOUTIER & another.

Suffolk.    November 13, 1939. — December 29, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Devise and Legacy*, Sale of business, Joint gift.

Under a will authorizing a sale or lease of the testator's business to two employees, the two to "conduct and carry out the terms . . . on an equal basis," and directing that, if they did not accept such terms, the business was to be "disposed of to the best interest of my estate," where it appeared that the two refused to purchase the property jointly but each desired to purchase it individually, the executor properly was instructed to "sell said business to the highest bidder, whether that bidder be one of the" two "or not."

PETITION, filed in the Probate Court for the county of Suffolk on October 11, 1938, and afterwards amended, by the executor of the will of Harry O. Phillips, late of Boston, for instructions.

From a decree, entered after a hearing by *Prest*, J., the respondent Spears appealed.

*H. A. Carney*, for the respondent Spears, submitted a brief.

No argument nor brief for the respondent Cloutier.

RONAN, J. The testator authorized the petitioner to sell his undertaking business including the real estate and personal property to the respondents Cloutier and Spears, if they were in his employ at the time of his death, for $20,000, payable in monthly instalments of $100 each, and if they

did not desire to purchase the business then the petitioner was empowered to lease the said real estate and personal property to them together with the right to conduct the said business. The will further provided: "It being my wish and will that the said John E. Cloutier and Philip H. Spears are to conduct and carry out the terms of the agreement on an equal basis, and they are to mutually agree as to who shall occupy the living quarters on the second floor, it being understood that if either shall occupy said living quarters, said terms and conditions shall be agreeable and satisfactory to both parties. . . . In the event that the said John E. Cloutier and Philip H. Spears do not accept either of these offers upon the terms and conditions herein mentioned, within a reasonable time in the discretion of the said Trustee, Philip A. Chapman, then and in that event, said business shall be disposed of to the best interests of my estate, the proceeds of which shall become a part of the residue of my estate."

Both Cloutier and Spears were willing to purchase the real estate and personal property in accordance with the terms of the will except that each desired to purchase for himself individually. Cloutier and Spears did not agree to take over the property for their joint benefit. Spears has appealed from a decree of the Probate Court which, after reciting that Spears and Cloutier had not mutually agreed to purchase the testator's business in accordance with the terms of the will, instructed the petitioner to "sell said business to the highest bidder, whether that bidder be one of the respondents or not."

There is no merit in this appeal. The executor was bound by the directions given him by the testator and he could sell or lease the property only in accordance with the conditions prescribed by the testator. *Allen* v. *Dean*, 148 Mass. 594. *Thissell* v. *Schillinger*, 186 Mass. 180. Scott, Trusts, §§ 190, 190.1. Perry, Trusts (7th ed.) § 783. The intent of the testator was that the property used in his business should be sold to two of his employees for the purpose of jointly conducting the business. The preference extended to them was mutual but not several. Neither was to secure

any benefit to the exclusion of the other. They were to have equal interests in the property and be associated together in carrying on the business. They had the option of purchasing or leasing the property but it was the intent of the testator that they were "to conduct and carry out the terms of the agreement [to purchase or lease] on an equal basis." This they declined to do. The decree carries out the wishes of the testator who expressly provided that, if they did not accept the terms of the will, the "said business shall be disposed of to the best interests of my estate."

*Decree affirmed.*