JONAS A. MARSHALL *vs.* THOMAS C. CALDWELL & others.

Worcester. October 2. — 7, 1878. AMES & SOULE, JJ., absent.

A testator, by his will, gave the residue of his estate, real as well as personal, to two trustees, in trust, after the payment of certain legacies, to pay the annual income, in certain proportions, to his children during their lives, and, after their death, to divide the remainder among his grandchildren, with authority to sell and convey all the real estate when, in such manner, at such price, and in such parts and divisions, as to them may seem best and advisable. On a bill in equity, filed nineteen years after the testator's death, by one trustee against the other, for a sale of certain real estate, the judge before whom the case was heard found that the land remaining unsold had fallen in value during the past few years, and was not only wholly unproductive, but the amount of the annual taxes thereon had been paid out of the income of the rest of the trust fund; that there was an irreconcilable disagreement between the two trustees as to the propriety of selling it, though both testified that it could be sold by public auction for a greater sum than that at which it was appraised at the time of the testator's death; and that a reasonable and proper management of the estate and the interest of the *cestuis que trust* required a sale of the real estate, and an investment of the proceeds in productive property. *Held*, that the plaintiff was entitled to a decree directing the sale.

BILL IN EQUITY, filed January 30, 1878, by Jonas A. Marshall, a trustee under the will of Jonas Marshall, deceased, against Thomas C. Caldwell, his co-trustee, and the legatees under the will, to compel a sale of land.

The testator died on December 31, 1858, and his will, which was duly admitted to probate on February 2, 1859, contained, besides other provisions not material to be stated, the following:

"I give, bequeath and devise unto my said executors, Jonas A. Marshall and Thomas C. Caldwell, and the survivor of them, all my estate of every kind and description, of which I may die seised, possessed or the owner in any way or manner, embracing all real, personal and mixed, to hold to them and the survivor of them in trust, and for the purposes below expressed.

"And for the purpose of carrying into execution my wishes and the several bequests by me hereinafter made and expressed, I do hereby authorize, empower and direct my said executors, and, in case of the decease of one of them, then the survivor, to sell and convey all said real estate when, in such manner, at such price and in such parts and divisions as to them or him may seem best and advisable, and upon such sale or sales good and sufficient deed or deeds thereof to make, execute and deliver."

The will, after giving various legacies, then proceeded as follows: "After applying, appropriating and paying the several legacies above named, I direct and order my said executors to hold all the balance, rest and residue of my estate given them as aforesaid, and pay out, deliver and distribute the same as follows, viz.:

"I give and bequeath and hereby direct my said executors to pay to my daughter Betsey Kimball, widow of Porter Kimball, deceased, the income, profits and interest of one fourth part of all of said balance of my estate annually during her natural life; and at her decease I direct my said executors to divide said one fourth part equally among her children and their heirs.

"I give and bequeath and I hereby direct my said executors to pay to my said daughter Charlotte Caldwell the income, profits and interest of one fourth part of all said balance of my said estate annually during her natural life; and at her decease I direct my said executors to divide said one fourth part equally among her children and their heirs.

"I give and bequeath and I hereby direct my said executors to pay to said Jonas A. Marshall the income, profits and interest of the remaining half of all said balance of my said estate annually during his natural life; and at his decease I direct my

other executor to divide said half part equally among his (said Jonas A.'s) children and their heirs; provided said Jonas A. die leaving more than one child; but if at the decease of the said Jonas A. he leaves but one child surviving him, then said half part is to be paid and delivered him if he be twenty-one years of age; if not, then said half part and interest thereon is to be paid and delivered him when he arrives at the age of twenty-one years. But if the said Jonas A. die leaving no children surviving him, or but one, who dies before arriving at the age of twenty-one years, then I direct said executors to divide said half part of said estate equally among my other grandchildren."

At the hearing upon the pleadings and proofs, before *Endicott,* J., it appeared that the real estate at the testator's death was appraised at the sum of $32,000, and that the personal estate amounted to the sum of $56,000; that the executors had sold from time to time real estate to the amount of about $32,000; that there was remaining unsold real estate appraised by the assessors of Fitchburg, where the same is situated, at the sum of $40,000; that the legacies given by the will had been paid; that Betsey Kimball had died leaving heirs; that Charlotte Caldwell was living, having several children; and that Jonas A. Marshall, who was the only son of the testator, had one child living, who consented to the sale.

The judge found that the trustees were each equally intelligent, faithful and competent to execute the trust, except so far as might otherwise appear from the facts below set forth; that the real estate remaining unsold was not only entirely unproductive, but was a burden on the estate to the amount of $500, the annual taxes assessed thereon, which were deducted from the income of the residue of the estate; that the real estate was worth from $20,000 to $25,000, which, as both trustees testified, could probably be realized for the same by public auction; that the real estate would bring more now than its appraisal at the death of the testator; that Jonas A. Marshall was seventy-eight years of age, and was receiving an income of about $2000 annually; and that a reasonable and proper management of the estate and the interest of the *cestuis que trust* required a sale of the real estate by the trustees, and the investment thereof in productive property.

The judge also found that Caldwell had never absolutely refused to sell such real estate, but, the same having fallen greatly in value during the past few years, in common with other real estate, he did not consider it reasonable to sell the same for the price at which he thought it could be sold, and' was willing to sell it at a proper price, but was not willing to put the same up at auction, or to sell it at the present market price; and that there was an irreconcilable disagreement between the trustees as to the propriety of selling the real estate.

The judge was of opinion that the plaintiff was entitled to a decree directing the sale of the real estate under the power contained in the will; but, at the request of the defendant Thomas C. Caldwell, reserved the case for the consideration of the full court.

*G. A. Torrey*, for the plaintiff, cited *Bethell* v. *Abraham*, L. R. 17 Eq. 24; *Feltham* v. *Turner*, 23 L. T. (N. S.) 345; *Davey* v. *Ward*, 7 Ch. D. 754; *Chase* v. *Chase*, 2 Allen, 101; *Davenport* v. *Davenport*, 5 Allen, 464; *Eldredge* v. *Heard*, 106 Mass. 579, *Scott* v. *Rand*, 118 Mass. 215; *Curtis* v. *Smith*, 6 Blatchf. C. C. 537; *Arnold* v. *Gilbert*, 5.Barb. 190.

*F. P. Goulding*, for the defendant, cited *Walker* v. *Shore*, 19 Ves. 387, 392; *Amory* v. *Green*, 13 Allen, 413; *Proctor* v. *Heyer*, 122 Mass. 525; 2 Perry on Trusts, § 509; Hill on Trustees, 485, 488.

GRAY, C. J. The will manifests the testator's intention that from the residue of his estate, real as well as personal, his children should receive an income annually during their lives, and after their death the remainder should go to his grandchildren, and that, if necessary to carry out this intention, the real estate should be sold by the trustees. Equity will not allow the trustees, under the discretionary power conferred upon them as to the time and manner of sale, to defeat the intention of the testator, by unreasonably postponing the sale, to the detriment of those who are entitled to the income for life. Lord Hardwicke, in *Hawkins* v. *Chappel*, 1 Atk. 621, 623. Sir William Grant, in *Walker* v. *Shore*, 19 Ves. 387, 391, 392. Lord Brougham, in *Prendergast* v. *Prendergast*, 3 H. L. Cas. 195, 219.

Nineteen years have elapsed since the death of the testator, and the justice of this court before whom the case was heard

has found, as matter of fact, that the real estate remaining un-
sold has fallen in value during the past few years, and is not
only wholly unproductive, but the amount of the annual taxes
thereon has been paid out of the income of the rest of the trust
fund ; and that there is an irreconcilable disagreement between
the two trustees as to the propriety of selling it, though both of
them testify that it can be sold by public auction for a greater
sum than the amount at which it was appraised at the time of
the death of the testator, and there is nothing before us to show
that it is likely to rise in value. The judge also finds that a
reasonable and proper management of the estate and the inter-
est of the *cestuis que trust* require a sale of the real estate, and
an investment of the proceeds in productive property, as prayed
for in the bill.

Upon these facts, we concur in his opinion that the plaintiff
is entitled to a decree directing a sale of the real estate under
the power contained in the will ; and it is accordingly ordered
that it be sold by the trustees, either by public auction or pri-
vate sale, in such parcels and at such times, within one year
from the entry of the decree, as shall appear to them best and
advisable, having regard to the interests of the tenants for life,
as well as of the remaindermen. If the parties do not agree
upon the form of the decree, it must be settled before a single
justice. *Decree for the plaintiff.*