ELLEN R. STIMPSON *vs.* MARY F. MURCH & another.

Middlesex. November 19, 1907. — February 27, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Devise and Legacy,* What estate. *Practice, Civil,* Exceptions.

At the hearing on a petition for registration of the title to land, it appeared that the real estate in question formerly had belonged to a testator, a clause in whose will read as follows: " I give and devise also to said S. my homestead estate . . . To have and to hold the same to him during his life or until he shall have married, and whenever he shall marry, and likewise in case he shall either be married or have issue at my decease, said estate shall vest in him in fee simple, and as his absolute property "; that the petitioner was married to S. after the death of the testator, that there were no children of the marriage, that S. had died, and that by his will the land was devised to the petitioner. The respondents were heirs at law of the testator and contended that the will gave to S. a life estate only. *Held,* that the language employed by the testator admitted of but one reasonable construction, namely, that S. should have the land in fee upon his marriage.

PETITION, filed in the Land Court July 20, 1906, for registration of the title of real estate on Massachusetts Avenue in Cambridge. The petitioner alleged that she was the widow of one Walter Stimpson by whose will she obtained her title.

At the trial in the Land Court, which was before *Davis,* J., it appeared that the property formerly had belonged to one Mary Ann Davenport, a widow, and the petitioner contended that her husband, Walter Stimpson, received a fee in the land under the will of Mrs. Davenport, which was made in 1888 and duly probated, and that he devised it to the petitioner. The respondents, heirs at law of Mrs. Davenport, contended that Walter Stimpson received but a life estate in the property by the will of Mrs. Davenport, that therefore there was an intestacy as to the remainder after the life estate, and that they were entitled to the property on the death of the petitioner's husband.

The judge ruled that, under the will of Mrs. Davenport, title to the property passed to Walter Stimpson in fee, and made a decree for the petitioner. The respondents excepted.

*F. Burke,* for the respondents.

*H. I. Cummings,* for the petitioner, was not called upon.

RUGG, J. The testatrix died a childless widow in 1888, leaving as her heirs at law a brother, two sisters and a nephew, Walter Stimpson. Her will, dated in 1886, provided, so far as material, that " I give and devise also to said Walter Stimpson my homestead estate, . . . To have and to hold the same to him during his life or until he shall have married, and whenever he shall marry, and likewise in case he shall either be married or have issue at my decease, said estate shall vest in him in fee simple, and as his absolute property." Walter, the nephew, mentioned in the will, in 1873, at the age of eighteen, went to live with the testatrix, and remained a member of her family until her death. She was very fond of him. He was married for the first time in 1890, and died in 1905, never having had issue. By his will his entire estate was given to the petitioner.

The question is as to the estate acquired by Walter under the will of his aunt. The cardinal rule to be followed in the interpretation of wills is to ascertain the intent of the testator, and then give it effect, unless prevented by some inexorable rule of law. The language employed by the testatrix Davenport admits of but one reasonable interpretation. It contemplates three different contingencies, which together cover the whole range of possibility as to the marriage of the beloved nephew. He was unmarried at the time the will was executed. She deals first with that situation, and says that he shall have during his celibacy a life estate which shall ripen into an estate in fee whenever he shall marry. *Weston* v. *Foster*, 7 Met. 297. The second condition for which she made provision was that of his being married at the time of her death, and she gives to him a fee in that event. The third aspect of his life, which she considered, was that of his having married and become a widower before her death, but having issue at that time, and he is given an estate in fee if these are the circumstances. The use of the words " and likewise " are criticised by the respondents as tending to create an ambiguity. But they are not susceptible of such construction. The sentence perhaps might have been slightly more grammatical, if the modifying clause creating the estate in fee simple had preceded these words, but even as to this there would probably be differences of literary taste. There is nothing unreasonable in the will as thus interpreted. It was only in the event

that Walter should decease without having either wife or child after her death that the testatrix left her estate to be distributed as intestate among . her brother and sisters. Contrary to the ineffectual attempts sometimes made by those executing wills to cut down or take away an estate on marriage, the present testatrix, in pursuance of sound public policy and the dictates of affectionate regard for the happiness of her dearest relative, gave as an added inducement to marriage a larger estate in that event.

*Exceptions overruled.*