New England Trust Company, executor, *vs.* Alfred B. Morse & others.

Bristol.   June 26, 1922. — October 20, 1922.

Present: Rugg, C.J., Braley, DeCourcy, Carroll, & Jenney, JJ..

*Devise and Legacy,* Conditional.   *Power.   Executor and Administrator.*

A testator, who at the time of his death owned a manufacturing plant and the land and buildings used in its operation and who was survived by three sons and three daughters, gave the real estate and the personal property used in the manufacturing business to his three sons, dependent upon the condition that within a year after his death they organize a corporation to which they should convey the property, and provided: "This arrangement seems to me so desirable that I hereby declare that I give to my said sons the [described] property . . . upon the express conditions stated above, and if all my sons fail to do so, I give the whole property to all my children equally." Within a year after their father's death, the sons organized a Massachusetts manufacturing corporation to which they conveyed the property. About six months thereafter the property was conveyed to a Maine corporation for the conduct of the same business.  Within three years thereafter, the buildings being destroyed by fire, the factory was moved from the real estate to a new locality and the real estate was conveyed by the corporation to the three sons as a dividend distribution out of surplus assets.  One of the sons died leaving a will giving all his right, title and interest in the real estate to the second son.  The third son then died, possessed of undistributed rentals received from the property, leaving a widow and a will establishing a trust.  The widow waived the provisions of the will and claimed her dower interest. Further rentals afterwards were received by the executor of the will of the third son, and he sought instructions as to the distribution of all the rentals. *Held,* that

(1) By the deed from the Maine corporation, the three sons acquired a title to the real estate as tenants in common;

(2) Two thirds of the rentals should be given to the second son;

(3) The plaintiff was instructed to retain one third of the rentals as part of the estate of his testator, and, after the adjustment of the rights of the widow therein, to administer the remaining portion according to provisions of his testator's will as to the residue of the estate.

The owner of certain real estate who died in 1889 left a will which did not specifically devise the real estate but contained a provision, "I authorize my executors to sell and dispose of any of my real estate, not otherwise disposed of in this will, at such times and in such manner as they may deem expedient, and for the best interests of all concerned; such sales to be made without any license from any court, the proceeds of such sales to be equally divided between my children and the issue of any deceased child, by right of representation, absolutely and without any restrictions whatever." He was survived by three

sons and three daughters. The three sons were the executors of his will. The first son died in 1906 and by a residue clause in his will his interest in the real estate passed to his brothers and sisters. A sister died in 1917 intestate, leaving a husband and three children. The third son then died, leaving a will, the provisions of which his widow waived, claiming her dower, and which by a residue clause placed his property in a trust for the benefit of his children. The executors of the will of the father had not performed any act as executors for ten years previous to the death of the third son. The third son in his lifetime had acted as representative and agent of the heirs of his father, and parcels of the real estate had been sold from time to time, conveyances being made by deeds in which the heirs all joined in their individual capacities, the executors not acting in their official capacity as to any conveyance. The executor of the will of the third son by a bill in equity sought instructions relating to the distribution of the proceeds of some of the sales found in the possession of his testator. *Held,* that

(1) The executors of the will of the father were authorized, but were not directed to convert the real estate, and, the power not being coupled with a trust nor with any interest in the donees, its execution was discretionary;

(2) The intention of the father that his children should share the land equally being plain, the title to it, subject to the power in the executors, vested in them as tenants in common;

(3) The sales and conveyances having been made by all the heirs, who included the individuals who were executors, this mode of dealing with the estate met with the full acquiescence of all persons interested, who elected to take the proceeds of the property sold as it stood;

(4) The plaintiff was entitled to be instructed as to the proceeds of the sales left in the possession of his testator;

(5) The shares of the surviving son and of the two surviving daughters were one fifth, each;

(6) One third of one fifth should be paid to the husband of the deceased sister, and two ninths of one fifth to each of her three children;

(7) The remaining one fifth, after adjustment of the dower rights of the widow of plaintiff's testator, should be administered according to the provisions of his will as to the residue of his estate.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Bristol on May 2, 1921, and afterwards amended, by the executor of the will of Justin N. Morse, late of Brookline, as to what persons were entitled to receive the proceeds, which were in the possession of the plaintiff's testator at the time of his death, of the sale of certain land in Brockton formerly the property of his father, Edward N. Morse, and certain rentals collected by him from tenants of land in Easton and West Bridgewater, which was owned by his father at the time of his death, and also as to the proportions in which such payments should be made.

Among other facts alleged in the amended bill and the amended answers, and not controverted, were the following:

The land in Easton and West Bridgewater was specifically devised by the will of Edward N. Morse, who died on December 23, 1889, to his three sons, Edward J. W. Morse, Alfred B. Morse and the plaintiff's testator, upon the terms described in the opinion. They conveyed it on July 12, 1890, to a Massachusetts corporation which they formed to carry on the business, and that corporation on December 29, 1890, conveyed the land to a Maine corporation, organized to carry on the same business. Shortly before August 18, 1893, buildings on the property were destroyed by fire, and on that date the real estate was conveyed to the three sons again, the officers and stockholders of the company having deemed it for the best interests of the corporation to abandon its location at Easton and West Bridgewater and to remove the business to Roxbury. The money realized from the fire insurance was thereafter used by the corporation to rebuild on other lands acquired for that purpose in Roxbury. The real estate was conveyed to the three sons as a dividend distribution out of surplus assets, and not as a return of capital.

The three sons of Edward N. Morse were the executors of his will. There also survived him three daughters, Caroline A. Tower, Gertrude B. Belcher and Florence W. Morse, afterwards Wells.

Edward J. W. Morse died in 1906 leaving a will, which, after certain pecuniary legacies and specific bequests, gave to his brother Alfred B. Morse all his "right, title and interest in and to any and all real estate" in Easton and West Bridgewater, and gave the residue of his property to his "brothers and sisters, to be equally divided among them, and in case any of my brothers or sisters shall have died prior to my decease leaving issue who shall survive me, then and in that case, I direct that the share of such deceased brother or sister shall be paid over to such issue, they to take by right of representation."

Gertrude B. Belcher died in 1917, leaving no will, and as her heirs her children, Gregory M. Belcher, Clifford Belcher, Dorothy R. Belcher, and her husband, Eugene C. Belcher.

Justin N. Morse, the plaintiff's testator, died on March 26, 1920. His will gave a certain life estate to his wife and established from the residue a trust for the benefit of a child by a first wife and children by the second wife, who survived him. His widow

"duly elected and claimed dower in the estate . . . instead of the interest in real property of the deceased given in R. L. c. 140, § 3, and waived any provisions that may have been in the will of the deceased for her, and did claim such portions of the estate of the deceased as she would have taken if the deceased had died intestate."

The executors of the will of Edward N. Morse had not performed any acts as such executors for more than ten years prior to the death of the plaintiff's testator.

The plaintiff's testator in his lifetime had acted as representative and agent for the heirs of Edward N. Morse in the management and sale of the land in Brockton, and the funds in his hands at the time of his death, regarding the distribution of which the plaintiff sought instructions, were received by him as such representative and agent. For many years previous to his death, whenever a sale of any parcel of the Brockton land was effected, the deed of such parcel had been executed and delivered by and in the name of the several heirs for the time being of Edward N. Morse, and in no case had such deed been executed and delivered by or in the names of the executors of said Edward N. Morse in their official capacities as such executors.

Other material facts are described in the opinion. The suit was reserved by *Pierce*, J., for determination by the full court "upon the amended bill and amended answers, such decree to be entered as justice and equity may require."

The case was submitted on briefs.

*W. C. Rice*, for the New England Trust Company in its capacity as trustee under the will of Justin N. Morse, stated the case.

*H. L. Clark*, for Alfred B. Morse, individually and in his capacity as surviving executor of the will of Edward N. Morse.

*H. Alden*, for the widow of Justin N. Morse.

*E. A. Taft*, for the defendants Caroline A. Tower and others.

*W. S. Felton*, for the defendants Gregory M., Clifford and Dorothy R. Belcher.

*A. M. Lyon*, guardian of Herberta A. Morse, *pro se*.

*E. G. Davis*, for the guardian of Olive and Justin N. Morse, Jr.

BRALEY, J.  The testator, Edward N. Morse, at his death, December 23, 1889, left as his only heirs at law three sons, Edward J. W. Morse, Alfred B. Morse, and Justin N. Morse, and three

daughters, Caroline A. Tower, Gertrude B. Belcher, and Florence W. Morse apparently by a subsequent marriage Florence W. Wells. Edward J. W. Morse died in 1906, and Justin N. Morse in 1920. The plaintiff, having been appointed executor of Justin's will as well as trustee under the residuary clause, asks for instructions in its capacity as executor concerning the disposition of "certain rentals collected from Easton and West Bridgewater real estate owned by . . . Edward N. Morse at the time of his decease, a portion of such rentals having accrued before . . . and the balance . . . since his death."

The will and codicil of Edward N. Morse make plain that his paramount object was the preservation and continuance of the business of manufacturing thread which he had successfully developed and established. The devise to his sons in the first clause, as modified by the codicil, "all the real estate I may own at my decease, in the towns of Easton and West Bridgewater . . . with all the privileges and appurtenances thereto belonging, or usually employed therewith . . . ," and the bequest in the second clause, as modified by the codicil, "all my personal property, connected with, or used in my thread making business in Easton, including all cotton, whether raw, wrought, or in process of manufacture, all manufactured goods, and supplies for the business, all the machinery . . . cash on hand . . . all debts due me . . . they paying all debts due from me . . ." are made dependent upon the condition that his sons organize a corporation "within one year after my decease" to which they are to convey "as its capital stock, all the real and personal property mentioned in" clauses one and two and all such as may hereafter be obtained or on hand in such thread business "as a renewal of or substitute for that now on hand, or which may be at my decease." The intention of the testator is free from doubt. He expressly says in the first clause of the codicil, "This arrangement seems to me so desirable that I hereby declare that I give to my said sons the property mentioned in said first and second clauses of my will, upon the express conditions stated above, and if all my sons fail to do so, I give the whole property to all my children equally."

The E. J. W. Morse Company, a Massachusetts corporation, having been organized accordingly and the conveyances made as directed by the testator, the company acquired a fee in the

Easton-Bridgewater property. *Stimpson* v. *Murch*, 197 Mass. 381. It could be levied upon by its creditors or sold and conveyed by the corporation. The deed therefor of the company to the E. J. W. Morse Company, a corporation organized under the laws of the State of Maine, followed by the conveyance of the property by that company to Edward J. W. Morse, Alfred B. Morse, and Justin N. Morse, vested the title in them as tenants in common. By the third clause of the will of Edward J. W. Morse his undivided one third interest passed to Alfred B. Morse who was living at Edward's death. The share of Justin, whose widow has waived the provisions of his will in her behalf and also elected to take her dower, falls within the "rest residue and remainder" of Justin's estate to be held in trust as therein provided, subject, however, to the right of dower of Olive M. Morse, not only in the fee but in one third of the rentals on her husband's share collected and received since his death. R. L. c. 132, §§ 1, 11, 12. G. L. c. 189, §§ 1, 12, 13. *Gibson* v. *Crehore*, 3 Pick. 475, 478. *Gibson* v. *Crehore*, 5 Pick. 146, 159. *Reed* v. *Whitney*, 7 Gray, 533. *Hastings* v. *Mace*, 157 Mass. 499. *O'Gara* v. *Neylon*, 161 Mass. 140. *Fitcher* v. *Griffiths*, 216 Mass. 174. *Ryder* v. *Brockton Savings Bank*, 235 Mass. 476.

It is alleged that the plaintiff "now holds certain rentals collected from Easton and West Bridgewater real estate owned by said Edward N. Morse at the time of his decease, a portion of such rentals having accrued before the death of . . . Justin N. Morse and the balance having accrued since his death," concerning the disposition of which instructions are asked. It is instructed to retain one third of the rentals as part of the estate of Justin which, after the adjustment of the rights of Olive M. Morse in the rentals which accrued after her husband's death, and the payment to her of one third of the rentals which, having accrued before her husband's death, become part of the residue of his estate, and to pay the remaining two thirds to Alfred B. Morse. R. L. c. 135, § 16; c. 140, § 3. St. 1905, c. 256. St. 1917, c. 303. *Lincoln* v. *Perry*, 149 Mass. 368. *International Trust Co.* v. *Williams*, 183 Mass. 173. *Holmes* v. *Holmes*, 194 Mass. 552, 559. *Downey* v. *King*, 201 Mass. 59. *Nesbit* v. *Cande*, 206 Mass. 437. See G. L. c. 189, § 1; c. 190, § 3; c. 191, § 15.

The plaintiff alleges that it also "holds certain undistributed

proceeds realized from the sale of a portion of the Brockton land owned by . . . Edward N. Morse at the time of his decease, and is about to receive proceeds to be realized from the sale of other portions of such land, which sale has been completed since the death of . . . Justin N. Morse." The bill for instructions is bare of any statement of facts showing the area or character of the "Brockton Land" or stating chronologically the order of events involved or the full relationship of all parties interested. It is only by resort to the answers of the various defendants that the record becomes measurably intelligible. The will of Edward N. Morse, of which Alfred B. Morse since the death of Justin is the sole surviving executor, contains no specific reference to the "Brockton land;" but in the tenth clause the testator says, "I authorize my executors to sell and dispose of any of my real estate, not otherwise disposed of in this will, at such times and in such manner as they may deem expedient, and for the best interests of all concerned; such sales to be made without any license from any court, the proceeds of such sales to be equally divided between my children and the issue of any deceased child, by right of representation, absolutely and without any restrictions whatever." It is conceded that the land in question comes within the description "any of my real estate, not otherwise disposed of in this will." The power is attached to the office; and can be exercised by the executors or the survivor of them until the purposes for which it was given are effectuated or become impossible of accomplishment. *Pratt* v. *Rice,* 7 Cush. 209. *Chandler* v. *Rider,* 102 Mass. 268, 271. *Gould* v. *Mather,* 104 Mass. 283, 290. *Nugent* v. *Cloon,* 117 Mass. 219, 221. *Marshall* v. *Caldwell,* 125 Mass. 435, 438. *May* v. *Brewster,* 187 Mass. 524. The executors are authorized, but not directed to convert; and not being coupled with a trust or with any interest in the donees, the execution of the power is discretionary. *Shelton* v. *Homer,* 5 Met. 462. *Fay* v. *Fay,* 1 Cush. 93. *Eldredge* v. *Heard,* 106 Mass. 579. *Hammond* v. *Putnam,* 110 Mass. 232, 237. The land at his death remained undisposed of in the form of real property, and the intention of the testator that his children should share it equally is plain; and there being no devise of the fee the title subject to the power vested in the children as tenants in common. *Fay* v. *Fay,* 1 Cush. 93. *Greenough* v. *Welles,* 10 Cush. 571, 578. *May* v. *Brewster,* 187

Mass. 524. "The doctrine . . . is, that when a power, not coupled with an interest, is given to the executor to sell, the fee may vest in the devisee or heir until the sale, but as soon as the power is executed, they, as well as all to whom they have conveyed, are devested of the fee, which immediately vests in the purchaser under the power. It is said that this will be injurious to purchasers, but it cannot be so where due caution is used, for they may always inspect the will and ascertain whether any such power exists or not." *Braman* v. *Stiles*, 2 Pick. 460, 464. *Pratt* v. *Rice*, 7 Cush. 209, 212. *McLaughlin* v. *Greene*, 198 Mass. 153, 156. The answer of Alfred B. Morse however avers and the averment is not denied by any of the parties, that the power never has been exercised during a period of more than thirty years elapsing since the testator's death, nor have the executors filed any account of their administration of his estate. And that whenever a sale of any portion of the "Brockton land" was effected; deeds were "executed.and delivered by and in the name of the" then living heirs "of said Edward N. Morse" and the moneys therefrom were received by Justin N. Morse, who "acted as the representative and agent for the heirs . . . in the management and sale of said land." The sales and conveyances having been made by all the heirs, which included the executors, this mode of dealing with the estate met with the full acquiescence of all persons interested, who elected to take the proceeds of the property sold as it stood. The plaintiff who holds the proceeds as executor of the will of Justin N. Morse is therefore entitled to be instructed as to its disposition. *Holland* v. *Cruft*, 3 Gray, 162. *Leeds* v. *Wakefield*, 10 Gray, 514, 517, 518. *Bates* v. *Bates*, 134 Mass. 110, 113. *Hoffman* v. *Hoffman*, 66 Md. 568. *Asay* v. *Hoover*, 5 Penn. St. 21. *Cuninghame* v. *Anstruther*, L. R. 2 H. L. 223. Perry on Trusts (6th ed.), § 258, and cases there cited.

By the residuary clause of the will of Edward J. W. Morse his one sixth interest passed to his brothers Alfred B. Morse and Justin N. Morse and his sisters Caroline A. Tower, Florence W. Wells, and Gertrude B. Belcher, whose shares were thereby proportionately increased from one sixth to one fifth. Gertrude B. Belcher died, intestate, in 1917, leaving a husband Eugene C. Belcher who with her children, Gregory M. Belcher, Clifford Belcher, and Dorothy R. Belcher, succeeded to her share in the

proceeds. Justin N. Morse left surviving him his brother Alfred, and his sisters Caroline and Florence, and the husband and children of Gertrude B. Belcher, among whom after deducting Justin's share of one fifth the remainder of the proceeds is to be distributed, one fifth each to Alfred, Caroline and Florence and, of the remaining fifth, one third to the surviving husband, and two thirds to the children of Gertrude. R. L. c. 140, § 3. The share of Justin forms part of the residue of his estate; after the adjustment of the claims of his widow to one third of the proceeds, as if he had died intestate. R. L. c. 140, § 3. What her rights may be in the land conveyed if she did not release dower is a question not before us.

The plaintiff is to be instructed only as to its present duties. *Putnam* v. *Collamore*, 109 Mass. 509. *Peabody* v. *Tyszkiewicz*, 191 Mass. 317. And no instructions are called for as to the disposition of proceeds not yet received, although anticipated, from other portions of the land alleged to have been sold after Justin's death, but by whom and under what conditions does not appear.

A decree in accordance with the opinion is to be entered, the details of which are to be settled before a single justice with costs taxed in his discretion on the fund as between solicitor and client.

*Ordered accordingly.*