FREDERICK E. HUGHES, trustee, *vs.* FREDERICK E. HUGHES & others.

Middlesex.      March 8, 1929. — June 28, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & FIELD, JJ.

*Trust,* Construction of instrument creating trust. *Devise and Legacy,* Life interest. *Equity Jurisdiction,* Bill for instructions.

A will, by a second article, established a trust, the net income to be paid to the testator's widow during her life or until her remarriage, and after her death to be divided among his children surviving the wife in equal shares during their respective lives; upon the death of any such child leaving issue surviving, such issue was to take by right of representation the same share of the principal of the trust estate as the parent would have been entitled to the income of, if living; upon the death of any such child without leaving any child or issue of any child him or her surviving at the death of the testator's wife, the shares of the income of his surviving children were to be correspondingly increased; and upon the death of any such child before the death of the wife leaving any child or children or issue of any deceased child living at the death of the wife, such child or children or issue of deceased child or children were to take the same share of the trust estate the testator's child would have been entitled to the income of, if living and surviving the wife. A third article directed that the residue of the estate should be divided equally "among my children who shall be living at my decease, the

issue of any of my children who shall have died leaving issue living at my decease to take by representation, the share the parent would if living." The wife and six children survived the testator. The widow died first; then two children without issue; then a child leaving issue, and thereupon the trustee gave such child's issue one fourth of the principal of the trust. Thereafter another child died without issue and the trustee by a bill in equity sought instructions. *Held*, that

(1) The testator's intention was that the trust fund should be held intact, making distribution of principal to grandchildren only upon the death of any child leaving issue;

(2) The testator's direction was to pay all of the income of so much of the fund as from time to time remained undistributed to such children of the testator as should from time to time be living;

(3) The express provisions of the will were adequate to dispose of the entire fund without resorting to implication;

(4) The last surviving child not having died without issue, it was unnecessary to decide whether under the second article the testator intended to dispose of the entire trust estate;

(5) The trustee was directed for the present to hold intact the three fourths of the principal of the fund remaining and to pay its net income in equal shares to the two surviving children of the testator.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Middlesex on November 1, 1928, and afterwards amended, by the trustee under the will of John A. Hughes, late of Somerville, for instructions, as stated in the opinion.

Articles Second and Third of the will in question read as follows:

"Second. I give and devise to my said wife and to my brother Albert E. Hughes of Somerville all my real estate situated in said Somerville and also all my real estate situated in Boston in the County of Suffolk, in trust nevertheless, to manage the same and pay the net income thereof to my wife, so long as she remains my widow, and after her decease, should she not have married again, to pay the income of the trust estate to my children her surviving in equal shares during their respective lives, and upon the death of any child leaving issue surviving such issue to take (taking by representation) the same share of the principal of the trust estate, as the parent would be entitled to the income of, and in case of any of my children dieing [*sic*] without leaving any child or issue of any child, him or her surviving at the death of my wife then the shares of the income

of my surviving children to be correspondingly increased provided that in case any of my children shall have died before the death of my wife, such child leaving any child or children or issue of any deceased child or children living at the death of my wife, such child or children or issue of deceased child or children to take the same share of the trust estate, that the parent my child would have been entitled to the income of if living.

"And provided, that if before the death of my wife as above mentioned any of my children shall have died leaving any child or children or issue of any child or children who shall have died, surviving at the death of my wife, such child or children or issue to take the same share of the trust estate, that the parent my child would have been entitled to the income of if living at the death of my wife.

"In case my wife shall marry again then, the Trustees, to pay to my wife, after such marriage one third the net income of the trust estate not exceeding four thousand dollars annually from the income of the trust estate, and the remainder of the income to pay over to my children in equal shares during the life of my wife, and after her death, the income and estate to go and be disposed of in all respects as hereinbefore provided upon the death of my wife. And I authorize and empower the said Trustees and whoever may be Trustees under this will to sell at public or private sale, any of said real estate that may at any time constitute any part of the trust estate the proceeds to be held upon the same trusts, the purchaser or purchasers not to be held to see to the application of the purchase money.

"Third. All the rest and residue of the estate and property of which I shall die seized, possessed and in way entitled, to be divided equally among my children who shall be living at my decease, the issue of any of my children who shall have died leaving issue living at my decease to take by representation, the share the parent would if living."

The suit was reserved by *Wait*, J., on the bill and answers for determination by the full court.

*G. W. Russell*, stated the case.

*G. R. Nutter,* (*H. T. Davis* with him,) for the defendants Frederick E. Hughes and others.

*E. O'Callaghan,* (*C. P. Lincoln* with him,) for the defendant Swords and another.

PIERCE, J.   This is a petition for instructions brought by the trustee under the will of John A. Hughes who died testate on January 18, 1885, leaving a widow, Tamsin S. Hughes, and six children, Elizabeth P. Steere, Ada F. Hughes, Mary L. Hughes, subsequently by marriage Mary L. Swords, Annie T. Hughes, Frederick E. Hughes and Amy M. Hughes.

The will, dated June 26, 1875, and a codicil, dated March 3, 1882, were duly proved and allowed.   By Article Second of his will the testator devised to his wife and to his brother Albert E. Hughes, as trustees, certain real estate.   By the codicil he substituted his brother Atkins Hughes as co-trustee in place of said Albert Hughes.   These trustees on April 6, 1886, were duly appointed under the will and codicil and qualified as such.   Both trustees subsequently died, and the petitioner was appointed and duly qualified, and is now acting as sole trustee under the will.

The trust property was set off to the trustees under the will and codicil, and the net income of the trust property was paid to the widow until her death on March 28, 1889. Thereafter the trustees paid over and distributed the net income of said trust property in equal shares to and among the six children of the testator, above named, until the death of Elizabeth P. Steere on January 29, 1910, and thereafter paid over and distributed the net income of the trust property in equal shares to the remaining five children of the testator until the death of said Annie T. Hughes on July 26, 1910.   Thereafter the trustees paid over and distributed the income of said trust property in equal shares to the four surviving children until the death of Mary L. Swords on November 30, 1914.   Mary L. Swords died leaving issue, who is the defendant Philip A. Swords.   After her death, pursuant to the terms of the will, the trustees paid over and transferred to Philip A. Swords one fourth of the principal of the trust property.   On March 26, 1928, Ada F. Hughes, one of the three then surviving children of the testator, died.

When this petition was filed, the only living issue of the testator were the defendants Philip A. Swords, his son, Philip A. Swords, Jr., Amy M. Hughes, Frederick E. Hughes and his children, to wit, Kate Avery Hughes, Eileen Avery Hughes, and Tamsin Avery Hughes. All the defendants are of full age except Philip A. Swords, Jr. On November 2, 1928, a single justice of this court appointed a guardian *ad litem* of Philip A. Swords, Jr., and of persons not ascertained and not in being, who are, or may become, interested in the subject matter of the petition.

It is contended by Philip A. Swords and by the guardian *ad litem* that, upon the death of Ada F. Hughes, Philip A. Swords became entitled to a further distribution of the principal, that is to the extent of one ninth of the remaining principal, that division being the share of income to which his mother would be entitled if living; and that the two surviving children are entitled to a corresponding increase in income, so that hereafter they will each take one half of the income from the remaining trust until time for another distribution. It is contended by Frederick E. Hughes and Amy F. Hughes that no distribution of principal should be made by reason of the death of said Ada F. Hughes, and that the share of income which Ada F. Hughes was entitled to receive as it accrued should henceforth be paid to them in equal shares so long as they both shall live.

Upon the foregoing facts the plaintiff asks that he be instructed upon the following questions: "First: Do the words in Article Second of the will of said John A. Hughes, 'after her decease, should she not have married again, to pay the income of the trust estate to my children her surviving in equal shares during their respective lives, and upon the death of any child leaving issue surviving such issue to take (taking by representation) the same share of the principal of the trust estate as the parent would be entitled to the income of, and in case of any of my children dieing [*sic*] without leaving any child or issue of any child him or her surviving at the death of my wife then the shares of the income of my surviving children to be correspondingly increased' mean that upon the death of said Ada F. Hughes leaving no issue

living, and after the death of said Tamsin S. Hughes, the share of income that had up to such death of said Ada F. Hughes been payable to her should thenceforth be payable to the other children of the testator then living and if not to whom such income should be paid. Second: To what persons and in what shares ought the plaintiff now and henceforth to pay the net income of said trust fund received and accruing subsequent to the death of said Ada F. Hughes, which would have been payable to said Ada F. Hughes if she were living. Third: Should the plaintiff now make any further distribution of the principal of the trust and if so to what persons and in what amounts should such distribution be made. Fourth: Upon such other and further questions as to the court may seem proper."

By Article Second (1) the testator provided for his wife for life or until remarriage; (2) after her decease he gave the income of the trust estate to his children her surviving in equal shares during their respective lives; (3) upon the death of any such child leaving issue surviving, such issue is to take by representation the same share of the principal of the trust estate as the parent would be entitled to if living; (4) upon the death of any such child without leaving any child or issue of any child him or her surviving at the death of his wife, the shares of the income of his surviving children are to be correspondingly increased; and (5) upon the death of any such child before the death of his wife leaving any child or children or issue of any deceased child living at the death of his wife, such child or children or issue of deceased child or children are to take the same share of the trust estate his child would be entitled to the income of, if living and surviving his wife.

Article Second does not provide for a distribution of the principal upon the death of a child who survives the widow and has never had issue, nor does it provide that any child of the testator shall take anything except a life interest in a share of the principal of the trust property, or that his remote issue shall have anything except an outright gift of a portion of the principal. It is clear the testator intended his children to receive the income of the trust estate as long as each one

of them lived.  It is equally plain that it was his intention that the trust fund should be held intact, making distribution of principal to grandchildren only upon the death of any child leaving issue.  The direction by the testator that the fund be held in trust after the death of his wife and the income paid to his children her surviving in equal shares during their respective lives is a direction to pay all of the income of so much of the fund as from time to time remains undistributed to such children of the testator as shall from time to time be living.  In such a case it is the manifest intent that the objects of the testator's bounty shall take as a class and not as individuals, and that this purpose carries with it the quality of survivorship except as is subsequently provided otherwise. *Wheaton* v. *Batcheller,* 211 Mass. 223.  *Boston Safe Deposit & Trust Co.* v. *Reed,* 229 Mass. 267.

The testator evidently had in mind that the entire fund would be exhausted by successive distributions to issue upon the death of his several children, and that the residue would be disposed of under the provisions of Article Third of his will if the last child died leaving no issue.  The express provisions of the will are adequate to dispose of the entire fund without resorting to implication.  This being so, it is impossible to say that the testator intended to provide that after the death of his last surviving child there should be a distribution in equal shares between the issue of his children *per stirpes.*  No necessity will arise for resorting to implication to determine the intention of the testator to dispose of the entire estate by the second article of the will, unless it should happen that his last surviving child dies without issue.  Until it comes to pass that the last surviving child dies without issue it is unnecessary to decide whether under Article Second the testator intended to dispose of the entire trust estate. *Peabody* v. *Tyszkiewicz,* 191 Mass. 317, 322.  *New England Trust Co.* v. *Morse,* 243 Mass. 39, 46.

The trustee is to be instructed that he should hold the trust fund now in his hands intact, and should pay over the entire net income thereof received and accruing subsequently to the death of the said Ada F. Hughes to the defendants Frederick E. Hughes and Amy M. Hughes in equal shares so

long as they both shall live. A decree in accordance with
the opinion is to be entered, the details of which are to be
settled before a single justice with costs taxed in his discre-
tion on the fund as between solicitor and client.

*Ordered accordingly.*